## Richardson *against* Backus.

THIS was an action of slander, in which an interlocutory judgment had been obtained for want of a plea, and a writ of inquiry awarded, on which six hundred dollars damages were assessed by the jury. The defendant had demurred to the declaration ; and in *August* term, the demurrer was overruled, but the defendant was allowed to withdraw his demurrer, and plead, on the payment of costs. The defendant not having, in the opinion of his counsel, sufficient evidence to support a plea of justification, suffered judgment by default. After notice of executing the writ of inquiry, and before the jury had actually assessed the damages, the defendant discovered material evidence, before unknown to him, and which he was advised would fully justify the speaking the words charged in the declaration. The affidavit further stated, that the evidence since discovered, would prove the truth of the words spoken ; but it did not mention the names of the witnesses, nor the particulars of what he expected to be able to prove by them.

*Russel* for the defendant, moved to set aside the default, writ of inquiry, &c. He contended that the proceedings ought to be set aside on the ground of irregularity ; 1. Because no rule had been entered, since that of *Augsut* term, which did not award a writ of inquiry ; 2. That the writ of inquiry does not follow the words of the act relative to process in the Supreme Court, as it stated the proceedings to be " before our Justices of the Supreme Court, &c. and " was made returnable to our said Court before the Justices " aforesaid."

Whenever a particular form of words in any process are prescribed by statute, those words must be strictly followed. In the case of *Drake* v. *Miller*,[*] process containing such words was declared void. Even if the court should be of opinion there was no irregularity, yet, that as new and material evidence has since been discovered[†] by the defendant, and which he has had no opportunity to produce, he ought to be allowed to come in, and plead

*On an application to set aside the writ of inquiry & subsequent proceedings in an action of slander, on the ground that the defendant had since discovered new evidence,which would amount to a justification of the words spoken, the affidavit ought to state the names of the witnesses, and what the party expects to prove by them. A mistake in a writ of inquiry of the formal description of the court before which it is returned, is cured by the statute of jeofails.*

* Cole. Cases, 85.

† 2 Wm. Black. 955

on such terms as the court may impose. The extraordinary and very heavy damages assessed in this cause, was an additional reason for the interposition of the court.

*Shepard* contra. The practice of the court does not render it necessary to enter a rule for awarding a writ of inquiry. It is a judicial writ, founded on record. The statute expressly declares that it shall be awarded. It differs from the case of an assessment of damages by the clerk of the court, which is a special power given by the act, and an order of the court for that purpose becomes requisite. Admitting that the writ of inquiry had irregularly issued, that irregularity was waived by the party's attendance at the time of its execution, and he cannot now take advantage of it.

The words in the act relative to writs, refer only to first process, and not to writs of inquiry ; but even if it were informal, that informality is cured by the statute of *jeofails*. The court have unqestionably a right to allow the party to come in and plead ; but under all the circumstances of the case, considering his wilful negligence, it would be unreasonable. The affidavit does not state the nature of the evidence, which has been since discovered ; it does not disclose the names of the witnesses, nor what they can testify. Instead of stating the opinion of counsel as to its materiality, the whole evidence ought to have been laid before the court, to enable them to judge whether it be material, or not.

*Per Curiam.* The words "our justices," &c. refer to the justices of this court, who are named in the preceding part of the writ; and we are inclined to think the writ sufficient in point of form. At any rate, we are all of opinion, that the defect is cured by the statute of *jeofails.*

As to the other point, we think that the affidavit of the defendant ought to have disclosed the names of his newly discovered witnesses, as well as what he expected to prove by them. This would serve for a check against the abuse of general affidavits, after a trial. Let the proceedings, therefore, be stayed, until the first day of the next term, that the defendant may have an opportunity, if he thinks proper, to amend his affidavit.