GRIGNON and others vs. SCHMITZ.

Under our statute (R. S., ch. 141, sec. 6), the authority of an attorney at law to commence an action for the recovery of real property is sufficiently evidenced by a written request to that effect from the plaintiff's agent, without showing that the agent himself had *written* authority from the principal.

APPEAL from the Circuit Court for *Dane* County.

This was an action for the recovery of real estate, commenc-

ed for the plaintiffs by Messrs. Abbott, Gregory & Pinney. There was indorsed upon the complaint, when the same was filed, an affidavit of Mr. Pinney that he was a member of said law firm, and that they had "received written authority" to commence the action. After the answer had been filed, and the issue joined had been noticed for trial, the defendant filed an affidavit stating that he was the owner in fee of the premises in suit, as he verily believed, and that he was informed and believed that the plaintiffs had parted with and conveyed all the interest which they ever had in the premises, long before the commencement of this action, and that the attorneys of record for the plaintiffs had no written authority from them to commence the action. Upon this affidavit and the summons and complaint, the court ordered the plaintiffs' attorneys to show cause why they should not produce their authority from the plaintiffs to prosecute the suit, or why, in default thereof, the action should not be dismissed, &c. The plaintiffs' attorneys objected that by answering to the merits the defendant had waived all right to inquire into the regularity of the commencement of the action; but the objection was overruled. They then read an affidavit of one T. C. Dousman, that on a specified day, before the commencement of the action, he signed and delivered to them the written request to said affidavit annexed, and that when he made and delivered it, he had authority from the plaintiffs to do so in their names, and for the purpose for which it was given. The written request attached to said affidavit was for the commencement of this action, and had the names of all the plaintiffs signed thereto, with these words underneath, "All by their agent, T. C. DOUS-MAN."

The court made an order dismissing the action; from which the plaintiffs appealed.

*Gregory & Pinney* and *George B. Smith,* for appellants, to the point that the objection to the authority of the plaintiffs' attorneys was taken too late, cited *Mercier v. Mercier,* 2 Dall., 142;

*Campbell v. Galbreath*, 5 Watts, 427; *People v. Denison*, 17 Wend., 314; R. S., ch. 141, sec. 6. They also contended that written authority from the agent was sufficient, and it was not necessary that the agent's authority should be in writing, any more than the authority to contract for the sale and conveyance of real estate. R. S., ch. 106, secs. 8, 9; 5 Hill, 113; 14 Wis., 630.

*Hopkins & Foote*, for respondent:

1. The defendant did not waive the right to demand the authority for commencing the suit, by answering. Our statute does not, like that of New York, require that the demand be made before plea or answer. R. S. ch. 141, sec. 6; 2 N. Y. R. S., 306. Our statute declares that no action *shall be commenced*, &c. The New York statute, without directly prohibiting it, provides for the manner of compelling an attorney to produce his authority. As there is no statutory limit as to the time when the defendant shall move that the plaintiff's attorneys shall produce their authority, the common law rule will be followed, which allowed the appication at any time. 2 Wash. C. C. R., 429; 3 Yerg., 325; 3 Mon., 194. 2. The object of the statute is to put upon record the evidence of the authority from the plaintiff to bring the suit, so that he may never dispute it; and this was deemed of so much importance that the fact would not be left to the oath of the attorney that he had been employed, but written evidence of his authority was required. And if the affidavit of the attorney to the fact of the employment is not to be received without written authority or recognition, will the affidavit of a third party that he had authority to give a written authority in the name of the plaintiff, be received?

*By the Court*, COLE, J. We think the authority produced for commencing this suit was ample, and sufficient to meet the requirements of our statute. It was in writing, signed by the agent of the plaintiffs, requesting the attorneys to com-

mence the action. And the agent swore that when he made and delivered this written request, he had authority from the plaintiffs to make and deliver the same in their names and for the purpose for which it was given. Our statute says that no action for the recovery of specific real property or the possession thereof shall be commenced by an attorney unless he has written authority from each one of the plaintiffs for commencing the same; but declares that any written request of such plaintiff or his agent, to commence said action, or written recognition of the authority to commence the same, duly proved by the affidavit of such attorney, or other competent witness, shall be sufficient presumptive evidence of such authority. Sec. 6, chap. 141, R. S. The objection is, that it does not appear that the authority of the agent was in writing. The statute does not require that it should be. It provides that any written request of the plaintiff or his agent to commence the action shall be deemed sufficient presumptive evidence of such authority. We fully agree with the view taken of this provision of law by the counsel for the appellants. The authority of the agent to make the written request to bring the suit need not be in writing. It may be by parol. A contract for the sale of real estate must be in writing, to bind the parties; and yet it is a very familiar rule that an agent may be authorized by parol to make such a contract on behalf of his principal. There are certainly quite as strong reasons for saying that the authority of an agent to execute a contract for the sale of real estate should be evidenced by writing only, as that the authority should be in writing in this case. But it is sufficient to say that our statute does not require that the authority of the agent should be evidenced by writing; and whatever might be our views of the policy of such a provision, we cannot incorporate it into the section.

The order dismissing the action is therefore reversed, and the cause remanded for further proceedings.