### GAINES v. WHITE, Sheriff.

1.  The granting or refusing of a motion for a continuance of a cause rests in the sound discretion of the trial court, and its ruling will not be reversed, except for the most cogent reasons. The court below is apprised of all the circumstances of the case, and the previous proceedings therein, and is better able to decide upon the granting or refusing the application than an appellate tribunal. When the trial court exercises a reasonable, and not an arbitrary, discretion, its action will not be disturbed.

2.  Affidavits of jurors will not be received to impeach their verdicts, unless authorized by statute, and only then upon the grounds, and in the manner, permitted by the statute.

3.  An application to open a case on the ground that the party has been sur-
    prised, or has discovered new evidence, is usually addressed to the
    discretion of the trial court.  Convenience, as well as analogy, would
    seem to require that it should be determined exclusively by the court of
    original jurisdiction.  It is very much of the same character as a de-
    fault or other laches suffered by mistake or surprise which may be re-
    lieved against in proper cases by the court in which the action is pend-
    ing.  Unless a very grave error has been committed, or gross abuse of
    discretion has been exercised, by the court below, the appellate court
    should not disturb its ruling.

4.  An application for a new trial on the ground of newly discovered evi-
    dence must show by affidavit (1) that the applicant has been vigilant in
    the preparation of his case for trial; (2) that new and material facts
    have been discovered since the trial, which could not by reasonable
    diligence have been produced at the trial; and these facts should be
    explicitly stated in the affidavits.

5.  An application for a new trial on the ground of surprise should be grant-
    ed with great caution; for in many cases it is used as a pretext and
    a cover for carelessness and inattention, rather than as a meritorious
    ground for relief.  Surprise may be often feigned and pretended, and
    the opposite party may not be able to show that such is the case.  The
    party alleging surprise should be required to show it conclusively, and
    by the most satisfactory evidence within his reach.

6.  For a party to take advantage of the insufficiency of the evidence to sup-
    port the verdict, the objection must specify the particular in which
    such evidence is alleged to be insufficient, designating the statutory
    grounds upon which the motion will be made, whether upon affidavits,
    or minutes of the court, or a bill of exceptions, or a statement of the
    case.

7.  When a party is charged with fraud, the presumption of law is that he
    is innocent until it has been shown that he is guilty.  Under our stat-
    ute, the question of fraudulent intent is one of fact, and not of law.

8.  In an action of claim and delivery, when the complaint alleges owner-
    ship and right of possession in the plaintiff, and wrongful detention by
    the defendant, a general verdict for the plaintiff finds all these issues
    for the plaintiff.  Such a verdict determines that he is owner and en-
    titled to possession.

9.  A general verdict for the plaintiff will not be set aside because the jury
    did not find damages.  Damages are not the prime object in an action
    of claim and delivery.  They are but the nominal issue.

10. It is a general rule that a party cannot complain of an error which is
    practically beneficial to him.  A verdict will not be set aside for an
    error which is in favor of the party excepting to it.

(Syllabus by the Court.  Argued Oct. 17, 1890.  Opinion filed Jan. 5, 1891.)

Appeal from district court, McCook county, Hon. John
E. Carland, Judge.

Action of claim and delivery against the defendant as sheriff of McCook county, to recover possession of certain per-, sonal property levied upon and taken under a warrant of attachment. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*Bailey, Davis* and *Lyon* and *M. A. Butterfield*, for appellants.

Defendant's application for a continuance, showing the retirement of his counsel but an hour previous to the trial, and the absence of material witnesses, with no laches on his part, entitled him to a continuance as a matter of right. Schultz v. Moore, 1 McLean 334; Sturgeon v. Hitchens, 22 Ind. 107; Rossett v. Gardner, 3 W. Va. 531; Thompson v. Thornton, 41 Cal. 626; Rhode Island v. Massachusetts, 11 Pet. 226; State v. Lewis, 74 Mo. 222; People v. Vermilyea, 7 Cow. 369; Bradbury v. Dougherty, 7 Blackf. 467; Sewer Pipe Co. v. Erwin, 46 N. W. 279. The refusal of a continuance was an abuse of discretion reviewable in this court. People v. Logan, 4 Cal. 189; Hanson v. Michelson, 19 Wis. 525.

It being shown that the property in question was attached by the creditors of Jaqueth, the former owner and possessor, it became necessary for the plaintiff, claiming to be a vendee of Jaqueth by a recent purchase, to establish the *bona fides* of the transaction; that the sale to him was without fraud, and was followed by an immediate, actual, and continued change of possession. The instruction of the court that the burden was on defendant to show the fraud was error. §§ 4656, 4657, Comp. Laws; Grum v. Barney, 55 Cal. 254; Lane v. Starkey, 18 N. W. 47; Bartlett v. Cheesbrough, 37 N. W. 652; Castle v. Bullard, 23 How. 187; Craig v. Fowler, 59 Ia. 203; Bunn v. Ahe, 29 Pa. St. 390; Bump on Fraud, Con. 115; Kenykendall v. Hitchcock, 15 Mo. 416; McKibbin v. Martin, 64 Pa. St. 356. To constitute a sufficient change of possession it must be accompanied by such indicia as will apprise the community of the change. Massay v. Allen, 17 Wall. 351; Burgert v. Borchert, 59 Mo. 83; Cook v. Rockford, 12 Pac 568; Smith v. Conkwright, 28 Minn. 23; Covanhaven v. Hart, 21 Pa. St. 500.

There was no substantial conflict in the evidence. When the facts are uncontroverted the question of fraud is one of law, and the court should have directed, a verdict for defendant. Betz v. Franz, 13 At. 940; Bank v. Comfort, 28 N. W. 855; Herbert v. Butler, 97 U. S. 319; Babcock v. Eckler, 24 N. Y. 632.

The court should have granted a new trial upon the ground of newly discovered evidence. The affidavits of the jurors as to a misinterpretation of the charge which would have been obviated by this evidence are important in this connection. Holman v. Riddel, 8 O. St. 384.

*Keith & Bates* and *E. H. Wilson*, for respondent.

The granting or refusing a continuance rests in the sound discretion of the trial court and is not subject to review except in cases of gross abuse. Musgrove v. Perkins, 9 Cal. 212; Griffin v. Polhemus, 20 Cal. 181; People v. DeLacey, 28 Cal. 590; Wilkinson v. Parrott, 32 Cal. 103; Bank v. Chester, 55 Cal. 51; Lavery v. Crooke, 52 Wis. 612; Territory v. Kinne, 2 Pac. 357; State v. O'Neill, 9 Pac. 284; Peck v. Parchen, 2 N. W. 461; Board v. Linscott, 1 Pac. 81.

Appellant is not entitled to a new trial on the ground of surprise. Where one is taken by surprise he should at once acquaint the court with the facts and apply for a continuance. A failure to do this waives the right to object. Turner v. Morrison, 11 Cal. 21; Washer v. White, 16 Ind. 136; Schellhaus v. Ball, 29 Cal. 608; Gee v. Mass, 27 N. W. 268; Beal v. Codding, 4 Pac. 180; Cheney v. Lumber Co. 26 N. W. 236; Hayne on New Trial and App. § 84.

The affidavits of the jurors will not be received to impeach their verdict or to show they misunderstood the charge of the court. Thompson and Merriam on Juries, § 440; 2 Thompson on Trials, § 2618; Hayne New Trial and App., § 73; Clum v. Smith, 5 Hill, 560; Wright v. Tel Co., 20 Ia. 210; Dara v. Tucker, 4 Johns 487; Boyce v. Stage Co. 25 Cal. 474; Polhemus v. Heiman, 50 Cal. 438; State v. Millican, 15 La. Am. 557; Saunders v. Fuller, 4 Humph, 516.

The appellant is not entitled to a new trial upon the ground of newly-discovered evidence. His affidavits wholly fail to

show any diligence in attempting to ascertain or produce this evidence on the trial. Carson v. Henderson, 8 Pac. 727; Boot v. Brewster, 36 N. W. 649; Gorachi v. Hintz, 14 N. W. 379; Pinschowers v. Hanks, 1 Pac. 454; State v. O'Neill, 9 Pac. 284; Ross v. Sedgwick, 10 Pac. 400; Jones v. Singleton, 45 Cal. 94; Edmiston v. Garrison, 18 Wis. 623; Thomp. on Trials, § 2762; Hayne on New Trial and App., §§ 87, 89. The evidence, if produced, would be immaterial, and is therefore no ground for a new trial. Kelleher v. Kenney, 4 Pac. 1095; Manson v. Ware, 19 N. W. 275; Marshall v. Mathers, 3 N. E. 120; Krueger v. Merrill, 27 N. W. 836; Garfield M. & M. Co. v. Hammer, 8 Pac. 153; Lampson v. Brander, 11 N. W. 94; Brown v. Evans, 17 Fed. 912. The facts set forth in appellant's affidavits as to newly-discovered evidence are completely controverted by counter affidavits, and a new trial should not be granted. Peterson v. Faust, 14 N. W. 64; Ross v. Sedgwick, 10 Pac. 400; Railroad v. Boston, 9 S. E. 1108. The granting or refusing a new trial rests in the discretion of the trial court and its action will not be disturbed except in the case of an abuse of that discretion. Hayne on New Trial and App., § 87; Hobler v. Cole, 49 Cal. 250; Symons v. Bunnell, 20 Pac. 589; People v. Sutton, 15 Pac. 86; Barrett v. Railroad, 45 N. Y. 628; Longley v. Daly, 46 N. W. 247.

Appellant is not entitled to a new trial on the ground of insufficiency of the evidence to justify the verdict, as he fails to specify any particulars in which the evidence is insufficient. Haye on New Trial and App., § 150; Preston v. Hearst, 54 Cal. 596; Cram v. Gladding, 59 Cal. 303; Donahoe v. Land Co., 5 Pac. 495; Weyle v. Railroad, 10 Pac. 510; Pickert v. Rugg, 46 N. W. 446.

The question of fraudulent intent is always one of fact for the jury and the court properly refused to direct a verdict for the defendant. Babcock v. Eckler, 24 N. Y. 631; Plow Co. v. Wing, 85 N. Y. 426; Howe Mach. Co. v. Claybourne, 6 Fed. 438; Weaver v. Owen, 18 Pac. 579; Miller v. Stewart, 24 Cal. 503; McFadden v. Mitchell, 54 Cal. 628; Wait on Fraud, Con., § 204.

The sale of the goods in question to plaintiff was complete, the delivery immediate, and the change of possession actual and continuous.    Morgan v. Miller, 62 Cal. 492; Ross v. Sedgwick, 10 Pac. 400; Ball v. Loomis, 29 N. Y. 412.

BENNETT, J.   This was an action of claim and delivery brought by plaintiff against the defendant to recover the possession of certain personal property alleged to have been wrongfully taken from the plaintiff by defendant on September 23, 1887.   The action was commenced on the 2d day of November, 1887.   The plaintiff alleges in his complaint that he was the owner and in the actual possession of said personal property; that the same was wrongfully taken from him by the defendant, and that the value of it was $3,500.   The defendant alleges that he was sheriff of McCook county, where such personal property was at the time of the taking, and that as such sheriff he took the property from the plaintiff by virtue of several writs of attachment issued against the property of M. T. Jaqueth, and alleges that the property in the suit was owned by said M. T. Jaqueth, and not by the plaintiff. The cause was tried December 12, 1888, before a jury; verdict returned for plaintiff; judgment entered; motion for new trial overruled May 10, 1890; appeal taken and perfected from the order denying a new trial and from the judgment.   The motion for a new trial contains all the alleged substantial errors of which the appellant complains, and they are as follows:   (1)   Abuse of discretion of the court in denying defendant's motion for a continuance.   (2)   Misconduct of the jury.   (3)   Newly discovered evidence, material to the defendant, which could not, with reasonable diligence, have been discovered before the trial.   (4) Insufficiency of the evidence to justify the verdict, and that the verdict was against the law, and not responsive to the issues. (5)   Errors of law occurring at the trial, and excepted to by the defendant.

As to the denial of a continuance upon the application of defendant.   The motion was based upon the affidavit of M. A. Butterfield, one of defendant's attorneys, subscribed and sworn to December 13, 1888.   It will be seen from an examination of

the affidavit that the only ground upon which the continuance was asked was the absence of witnesses. The defendant in his assignment of errors alleges surprise because Messrs. Winsor & Kittredge, his attorneys, withdrew from the case as the same was called for trial, and he makes this fact the most essential in urging the abuse of discretion of the court in overruling the motion for continuance; but he evidently has overlooked the fact that this was not brought to the attention of the court upon that motion, nor until after the trial of the case was had—this fact first appearing on a motion for a new trial. So far as is discernible from the abstract and record. the only affidavit sup porting the motion for a continuance was, as we have stated, that of M. A. Butterfield. This affidavit states that P. V. Hand, S. H. Fowler, and a Mr. Ballard, are the witnesses whose testimony was desired. The affidavit states that the affiant expects to prove by said Hand that some time in the fall of 1887 he served on M. T. Jaqueth a notice of attachment of certain book accounts, and that Jaqueth then stated that he was the owner of the book accounts, and had not sold them to the plaintiff, Gaines. The testimony in the case shows that the plaintiff has never claimed the books or accounts. As to witness Fowler, he appeared in person, and testified on the trial, As to witness Ballard, the defendant expects to prove that the defendant is a man in moderate means, and that he lived by working by the month driving team, etc. The affidavit does not comply with the requirements of the law to obtain a continuance. It shows no material facts which the defendant can prove by the absent witnesses, nor does it state that he believes them to be true. It shows no diligence whatever in attempting to obtain the witnesses, or in procuring their depositions. The granting or refusing a continuance rests in the sound discretion of the court below, and its ruling will not be reversed, except for the most cogent reasons. The court below is apprised of all the circumstances of the case, and the previous proceedings, and is therefore better able to decide upon the propriety of granting or refusing the application than an appellate tribunal; and when it exercises a reasonable, and not an arbitrary,

discretion, its action will not disturbed.    There  certainly  was
nothing  in  the affidavit presented to the trial court that would
warrant it in granting a continuance.

As to misconduct of the jury.    Affidavits of  jurors will not
be received to impeach their verdicts.    This is the general rule,
unless  changed  by  statute  authorizing  such attack upon the
verdict by those rendering it.    The only statutory ground upon
which the affidavit of jurors is permitted to be heard is,  when-
ever any one or more of the jurors have been induced to assent
to any general or special verdict, or to a finding on  any  ques-
tion  submitted  to  them by the court, by a resort to the deter-
mination of chance, such misconduct may be proved by the affi-
davit of any one of the jurors.    Subdivision 2, § 5088, Comp.
Laws.    This question was fully considered at this  term,  in the
case of Murphy v. Murphy, ante, 142, and we  have  no  reason
to change our opinion upon it.    The rule enunciated in that
case will be adhered to in this.    The affidavits of the jurors do
not state facts coming within the statutory exception, and  the
ruling of the court on this point was correct.

Is the appellant entitled to a new trial  on  the  ground  of
surprise, and of newly discovered evidence?   A  former  ver-
dict, or other decision, may be vacated and a new trial granted
on application of the party aggrieved on the ground  of  newly
discovered evidence, material to the party making the applica-
tion, which he could not with reasonable diligence have discov-
ered and  produced  at  the  trial, and on the ground of acci-
dent or surprise  which  ordinary  prudence  could  not  have
guarded against.    Subdivisions 3, 4, § 5088, Comp. Laws. The
application in each case  must be made upon affidavits.    An ap-
plication to open a case  on the ground that the party has been
surprised, or has discovered new evidence, is usually addressed
to the discretion of the court; and convenience as well as anal-
ogy would seem to require that it should be determined exclus-
ively by the court of original jurisdiction.    It is very much of
the same character as a default or other laches suffered by mis-
take, or  surprise,  which  may be  relieved  against  in  proper
cases by the court in which the action is pending; and,  unless

a very grave error has been committed, or gross abuse of discretion has been exercised by the court below in overruling the application, the appellate court should not disturb its ruling. In order to entitle a party to a new trial on the ground of newly-discovered evidence, the application must show by affidavit: (1) That the applicant has been vigilant in the preparation of his case for trial; (2) that new and material facts have been discovered since the trial which could not by reasonable diligence have been produced at the trial, and these facts should be explicitly stated in the affidavits. The application must not only show that the new evidence was discovered too late to have been used at the trial, but that it was of such a nature, or so concealed, that it could not have been, by the use of reasonable diligence, discovered and produced at the trial. If new trials were legally granted in cases like this, the interests of society would be injuriously affected, and the administration of justice greatly disturbed. The adverse party is entitled to have an end put to the litigation, and his legal rights finally established. The good of all, society and litigants, requires that a party should be diligent in securing not part, but all, of his evidence, in order that one action may settle the controversy. If lax rules were to prevail, then great delays, and protracted and vexatious litigation, would be the consequence. If a defeated litigant could obtain a second trial upon the ground of newly-discovered evidence without a strong, clear, and satisfactory showing of diligence, of the materiality of the evidence, and of the probability that it would change the result, there would be a temptation to great wrongs, and such a procedure would lead to grave abuses. Applications based upon these grounds are looked upon with much disfavor and entertained with great reluctance. In one case it was said: "Motions of this kind ought to be received with great caution, because there are few cases tried in which something new may not be hunted up, and because it tends very much to the introduction of perjury to admit new evidence after the party who lost the verdict has had an opportunity of discovering the points both of his adversary's strength, and his own weak-

ness." Moore v. Bank, 5 Serg. & R. 41. In another case it
was said: "It is infinitely better than a single person should
suffer mischief than that every man should have it in his power,
keeping back part of his evidence, and then swearing it was
mislaid, to destroy verdicts and introduce new trials at his
pleasure." 2 Thomp. Trials, § 2759, note. To a similar effect
is the language of the court in Baker v, Joseph, 16 Cal. 173:
Applications for this cause are regarded with distrust and dis-
favor. The temptations are so strong to make a favorable
showing, after a defeat in an angry and bitter controversy, in-
volving considerable interests, and the circumstance that testi-
mony has just been discovered, when it is too late to introduce
it, so suspicious, that courts require the very strictest showing
to be made of diligence and all other facts necessary to give
effect to the claim." The views expressed in this case are well
supported in the following authorities: McCombs v. Chand-
ler, 5 Har. (Del.) 423; Sarah v. State, 28 Ga. 576; Denny v.
Wickliffe, 1 Metc. (Ky.) 224; Pleasant v. State, 13 Ark. 360;
Murphy v. State, 38 Ark. 514; Carson v. Cross, 14 Iowa, 463;
Baker v. Joseph, 16 Cal. 180; Jones v. Singleton, 45 Cal. 94;
Edmister v. Garrison, 18 Wis. 623; Tomer v. Densmore, 8 Neb.
384; Hayne, New Trials & App. §§ 87–89; Varner v. Core, 20
W· Va. 472: Richardson v. Backus, 1 Johns. 59; 2 Thomp.
Trials, § 2762.

The newly discovered evidence relied upon as ground of
new trial in the case at bar is stated in the affidavits of M. A.
Butterfield, attorney for defendant, and Mathew White, the de-
fendant. The only material facts stated in these affidavits are
that the defendant did not know that plaintiff had never been
assessed for personal taxes in either Minneapolis or Cedar
Falls, and did not know that such was the fact till after the
trial of the case, and did not know that the mortgage of $4,500
to A. F. Oakes, on one stock of goods belonging to said M. T.
Jaqueth, was made and executed by said Jaqueth on the same
day and at the same place as the pretended bill of sale from
said Jaqueth to plaintiff, Gaines, for the goods in controversy,
and that said plaintiff, Gaines, was present at the time, and

that said Jaqueth also conveyed to Alice L. Jaqueth real estate in Montrose. Deponents have learned since the trial for the first time that plaintiff has admitted that he never made any money while in Cedar Falls, and that Mrs. Gaines has admitted that she had no money; and that deponent has also learned since the trial that plaintiff was and had been indebted to different parties and admitted that he had no money with which to pay his debts. These are substantially the facts as set forth in the affidavit of Butterfield, and they are all of a negative character. No positive assertions are to be found in the affidavit. White, the defendant, says in addition to some of the facts as stated by Butterfield, that, at or about noon of the day of trial, Winsor & Kittredge gave him notice of their withdrawal from the case, and that in an hour or two afterwards the case was called for trial, leaving Butterfield alone in the case—Winsor & Kittredge being the principal attorneys, as he understood it. These are all of the material facts set forth as newly discovered evidence and surprise at the trial.

The affidavit of defendant in relation to the withdrawal of the attorney from the case was somewhat contradicted by an affidavit of H. H. Keith, Esq., the attorney for the plaintiff, in which he says "that it was known by said M. A. Butterfield some time before the case was called for trial that Winsor & Kittredge would not participate in the same, and when the case was reached for trial the said M. A. Butterfield and C. S. Palmer appeared in the case." A large number of other affidavits were introduced by the plaintiff controverting the alleged facts set up in the defendant's affidavits of newly discovered evidence, and corroborating the testimony of plaintiff, Gaines, given on the trial of the action. The affidavits show no effort made to procure this testimony, and no diligence is shown to obtain it.

Again, the testimony is immaterial, and could have very slight, if any, weight, in determining or changing the result. What bearing could the fact that the plaintiff had never been assessed for personal property, either in Minneapolis or Cedar Falls, have upon this case? His personal property, according

to his own testimony, was mostly in money, and that kept by his wife, and no one but her knew of it; and his avocation, habits of life, and manner of living were such that no one. not even an assessor, would suspect that he had taxable property that should have been listed.  Yet this, if true. did not establish the fact that he did not have the money as he stated.  So of what materiality was the knowledge that the grantor, M. T. Jaqueth, executed a mortgage of $4,500, or any other sum, upon another stock of goods situated in another place, or that he conveyed to some one else real estate?  All this had nothing to do with the legitimacy of his purchase of these goods, as the affidavit does not show that these are one and the same transaction, or that they took place previous to the sale to the plaintiff.  If these facts were material, the public records of the county were open, and they could have been ascertained long prior to the trial of the cause.  There is no showing of diligence upon the part of defendant in attempting to ascertain or produce the desired evidence on the trial.

The action was commenced on the 2d day of November, 1887, and not tried until the 14th day of December, 1888.  Over thirteen months had elapsed in which defendant had opportunity to prepare for the trial of the cause.  The affidavit of the defendant's attorney shows that he was conversant with these facts prior to the trial; but if he were not, the whole history of the plaintiff, from the time he became a married man, and up to the time of purchasing the goods in controversy, could have been easily ascertained.  The defendant, through his attorney, must have known what was necessary for him to establish at the trial in order to hold the property.  He knew he had to show that the sale to, and the possession by the plaintiff of, the goods must be overturned, by showing fraud, or that the transaction was of such a nature as would clearly show upon the trial that it was made to defraud and delay creditors.  He knew where plaintiff had been residing for several years before making the purchase, and what his business had been, and if the facts set forth in his affidavit were material to the defense, he could, within a short time, have found them out before

as well as after trial. Surprise is sufficient ground for a
new trial in but few cases, such as the sudden and unexpected
departure of a witness from the court, unexpectedly adverse
testimony of a party's own witness, etc. The general doctrine
governing the granting of a new trial on the ground of surprise
is well stated by Judge SANDERSON in delivering the opinion
in Schellhous v. Ball, 29 Cal. 606. He says: "Upon this ground,
new trials should be granted with great caution; for in many
cases it is used as a pretext and a cover for carelessness and
inattention, rather than as a meritorious ground for relief
*  *  *  It is the duty of courts to look upon applications for
new trials upon the ground of surprise with suspicion, for the
reason that from the nature of the case surprise may be often
feigned and pretended, and the opposite party may not be able
to show that such is the case. Hence the party alleging sur-
prise should be required to show it conclusively and by the
most satisfactory evidence within his reach." The surprise
claimed in this case arises from the withdrawal of a part of the
attorneys for the defense from the case previous to the hearing.
The defendant was notified of this fact in time to procure addi-
tional counsel, and the records disclose that he did so. Just
when the defendant was taken by surprise on this account is
not shown, but the first time he makes the fact known to the
courts is in his notice of intention to move for a new trial. The
records show that the attorneys who withdrew from the case
as alleged were the junior counsel, and that the principal attor-
ney, and the one who had commenced the proceedings, and
prepared the original answer, and is presumed to have known
all the facts necessary to make a full and complete defense,
was retained and assisted in the trial of the case. When a
party claims to be taken by surprise upon the trial, so that he
is unable to present his case upon its merits, he should at once
acquaint the court with the facts and apply for a continuance.
If he fails to do this, he waives his want of preparation, and
all right afterwards to object. Any other rule would work
great injustice and be attended with innumerable evils. 3
Grah. & W. New Trials, 894; Turner v. Morrison, 11 Cal. 21;

Washer v. White, 16 Ind. 136; Schellhous v. Ball, 29 Cal. 608. "The parties," says Judge KENT in Alexander v. Byron, 2 Johns Cas. 318, "must have come to trial prepared, at their peril; and if either party has any good excuse for not being prepared, he is entitled of right to a postponement of the trial. It has, therefore, been repeatedly held that the subsequent allegations of a party that he was not prepared is no reason for granting a new trial, unless it be founded on the discovery of testimony of which the party was not at the time apprised." The law favors the diligent and punishes the sluggard. Its policy is to compel parties to be ready for trial, and to try their causes at the time appointed, and to so try them as that they shall be properly presented, and all the evidence they can procure shall be introduced and the litigation finally terminated. A party who seeks to reopen litigation on the ground of surprise, or that he has discovered new evidence, must be prepared to establish every essential element of such a case, strongly, clearly, and satisfactorily. This has not been done in the case at bar. A party has no right to be surprised by evidence within the issues. If, however, he is, he must find out his surprise at the trial, and then apply to the court for such relief as he may be entitled to under the law. But he can never, after having submitted his cause, on finding that the verdict or judgment is against him, become surprised at what had previously happened during the trial, and ask the court to relieve him from his own error, mistake, or omission.

Upon the question of the insufficiency of the evidence to justify the verdict for the plaintiff, we must say that it is not properly before the court, and therefore cannot be considered, because there is no specification of particulars in which the evidence is insufficient. Section 5081, Comp. Laws, is as follows: "No particular form of exception is required, but when the exception is taken to the verdict or decision upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient, but the specification of such particulars, as provided in section 5090, shall be sufficient." The specifica-

tions thus provided for are that the moving party must serve on the opposite party a notice of intention, designating the statutory grounds upon which the motion will be made, and whether the same will be made upon affidavits, or the minutes of the court, or a bill of exceptions, or a statement of the case. The defendant has not made the specification of particulars wherein the evidence is insufficient to support the verdict according to the requirements of the statute, either in his notice of intention to move for a new trial or in the bill of exceptions. It will not, therefore, be considered. We are not called upon in the absence of specific particulars to look into the evidence and carefully examine and analyze it, in order to ascertain if it is sufficient to support the verdict.

At the close of the testimony the defendant asked the court to direct a verdict in his favor, upon two grounds: (1) That the plaintiff was not the owner of the stock of goods in controversy at the time of the commencement of the action; (2) that there was no change of possession of the property as is contemplated by law so as to take it out of that class of cases which says that it is a fraud in law. The whole foundation or the gist of the answer of the defendant, is upon the allegations of fraud. The validity of the sale to plaintiff by M. T. Jaqueth was attacked upon that ground, and that it was fraudulently made, and for the purpose of hindering and delaying creditors from collecting their debts. When a party is charged with fraud, the presumption of law is that he is innocent until it has been shown that he is guilty. Under our statute, the question of fraudulent intent is one of fact, and not of law. Section 4659, Comp. Laws, is as follows: "In all cases arising under the provisions of this title," (Fraudulent Instruments and Fraudulent Transfers,) "the question of fraudulent intent is one of fact, and not of law; nor can any transfer or change be adjudged fraudulent solely on the ground that it was not made for a valuable consideration. The record discloses the fact that the whole transaction was passed upon by the jury under instruction from the court. The jury, who are the sole judges of the credibility of witnesses, and of the facts proven, determined that

there was no fraud in the transaction. But defendant insists that this was such a transfer of property as our statute declares to be void as against creditors; that it was made with intent to delay and defraud them, and was not accompanied by an immediate delivery and an actual and continued change of possession. This question in the first instance is a question of fact. The burden of proof is upon the party making the allegation, and if a *prima facie* case, or one which raises a presumption of fraud, is made out, the question of whether it has been rebutted is also one of fact.

The sale of the goods is attacked on the ground that it was made to hinder, delay, or defraud the creditors of the vendor. The testimony tends to show that plaintiff paid a valuable consideration, and took immediate possession. It then devolved upon the defendant to show that plaintiff was not a *bona fide* purchaser. In other words, to defeat the sale, defendant must show that it was made by the vendor to hinder, delay, or defraud his creditors, and that the vendee in some way participated in the intended fraud. The criterion by which the test must be made, is whether the purpose of the grantee was to aid the grantor in perpetrating a fraud upon his creditors. Did he buy recklessly, or with guilty knowledge, or with such knowledge as would put a prudent man upon inquiry? The actual secret intent of the grantor, however bad, cannot effect a *bona fide* purchaser without notice. This fact was passed upon by the jury, and there is testimony to support the verdict. It discloses the fact that plaintiff was thirty-seven years old; had been at work for himself since he was twenty-one years old; that he was a hard-working man, economical and saving of his money; that his family was small, and his wife careful, prudent and cautious in the expenditure of money; and that they had both, no matter what their resources, always lived greatly within their means, and had saved from their income something each year. These facts appearing before the jury, it could well find that plaintiff may have had means with which to purchase these goods. Neither is there anything so conclusively suspicious

in the sale of these goods as to require the court to say as a matter of law the sale was fraudulent.

The plaintiff had previously loaned to the vendor over $1,500, and had taken his note. He was out of business, and found on going to the place where the goods were situated that he could purchase the goods and have the amount of the note applied on the purchase. An inventory of the goods was taken, the amount of the inventory was paid, a bill of sale executed, money paid, and he at once went into possession, rented the building in which the goods were kept, it was delivered to him, he moved his family into it, opened a set of books, employed a clerk, and advertised his business in the journals of the town, and immediately went to selling goods and purchasing other merchandise to replenish stock. The management was entirely changed, and the grantor exercised no control over the goods. The statutory requirements of actual change of possession were complied with. The sale was complete, the delivery immediate, the change of possession actual and continuous.

The objection made to the charge of the court by the defendant cannot be considered, as no exceptions were taken to it at the time it was given to the jury.

The further contention of defendant is that the verdict is not responsive to all the issues; that it did not settle the question of title to the property; that it only determined that the plaintiff had the right of possession; and that the jury did not pass upon the question of damages for the detention of the property. This contention is not supported by the verdict, which is as follows: "We, the jury, in the above entitled cause find all the issues in said action in favor of the plaintiff, and against the defendant, and that the plaintiff is entitled to recover the possession of the personal property mentioned and described in the complaint in the action, and taken by the coroner herein or in case a delivery thereof cannot be had then that he recover the value of said property and we find the value of said property to be $3,500." When a complaint alleges ownership and right of possession in the plaintiff and wrongful detention by the defendant, a general verdict for the plaintiff

finds all these issues for the plaintiff. Such a verdict determines that he is owner and entitled to possession. Payne v. June, 92 Ind. 253; Everitt v. Walworth, 13 Wis. 419; Gotloff v. Henry, 14 Ill. 384; Arthur v. Wallace, 8 Kan, 267. Neither will a verdict for plaintiff be set aside because the jury did not find damages. Damages are not the prime object in an action of claim and delivery. They are but the nominal issue. In actions where damages are the remedy sought by the plaintiff, and the jury gave a verdict without assessing damages, it would be error, not because damages are a necessary element in the legal constitution of a judgment, but because the record shows that the plaintiff is deprived of something to which he is entitled. But if the error is in omitting to award the plaintiff damages, it is one of which the defendant cannot complain. The general rule is that a party cannot object to a defect which is practically beneficial to him. A verdict will not be set aside for error in a ruling of the court, if the error is in favor of the party excepting to it. The labor in the investigation of this case, and in the preparation of this opinion, has been greatly enhanced and increased by the very unsatisfactory abstract filed. We have been obliged to discard it entirely, and resort to the original record for the purpose of ascertaining what was done and what errors, if any, were committed and excepted to on the trial. This has caused us much labor, and the consumption of unnecessary time, which by the rules of the court, devolves upon the paid attorneys in the case. Should there have been anything overlooked by us in the investigation, it must be attributed and charged to this fact. Finding no errors, the judgment of the court below will be affirmed. All the judges concurring.

Reporter: A rehearing was ordered in this case March 19, 1891. Upon the rehearing the court adhered to the views expressed in the foregoing opinion. (50 N. W. 901).