NORMAN, Appellant, v. MILLER, Respondent.

(167 N. W. 391.).

(File No. 4271.   Opinion filed May 1, 1918.)

1. **Appeals—Error—New Trial—Specifications of Insufficiency—Record, Trial Judge's Letter Discussing Grounds, Irrelevancy of—Suggested Practice re Stating Grounds in Order.**

Where a motion for new trial was based in part upon specifications of insufficiency of evidence, held, that a letter from trial judge to the attorneys of record, discussing one of the grounds urged upon the motion, which letter was incorporated in appellant's written argument, but was not part of settled record, had no part in printed record, except as an authority upon the question therein discussed; it not being conceded that the sole ground on which new trial was granted was trial judge's belief that he had erred in ruling upon the proposition discussed in the letter.   Further:   It would be pleasing to Supreme Court, and might, ofttimes, save necessity of affirming orders granting new trials, if trial courts would clearly state in such orders the sole ground or grounds upon which it is based.

2. **Appeals—Error—Insufficiency of Conflicting Evidence—Granting New Trial—Discretion, Presumption Re.**

Where, upon conflicting evidence, a new trial was granted for insufficiency of evidence, trial court will be sustained; as Supreme Court will not assume that in so doing trial court did not exercise its discretion to grant new trial if it believed that under the evidence justice so demanded.

3. **Executors and Administrators—Claims—Disputed Claims, Compromise of, Policy of Law Re—Promotion of Family Peace—Rule.**

The law favors compromise of disputed claims, especially those affecting settlement of estates and which settlements, owing to relationship of interested parties, will tend to promote family peace and harmony.

4. **Contracts—Consideration—Invalid Claim for Caring for Decedent, Withholding of From Probate, Heirs' Promise to Pay in Consideration of, Whether Binding—Reasonably Grounded Claim, Effect—Question for Jury.**

Where a daughter of decedent, who had lived with and cared for her from the daughter's majority until she was over thirty years of age, and who in good faith claimed a legal right to be paid for such services although there was no express or implied contract of the mother to compensate therefor, and the other heirs agreed with said daughter, in consideration of her refraining from filing a claim for such compensation against the estate, to pay her a certain sum of money

each, **held,** that, conceding that claimant parted with nothing of value when agreeing to so refrain unless she in fact had a valid claim against the estate, yet, as between members of a family and where the agreement to so refrain pertains to an estate in which the family is interested, and such agreement will tend to preserve the estate and to promote family peace and harmony, and where the claim against the estate is made in good faith, and was based upon some reasonable and plausible ground, it is a good consideration for such contract by heirs to pay such sums to claimant. **Held,** further, that one who for fifteen years after her majority remains in the home of and cares for and serves her mother, under a belief and expectation that she will be recompensed therefor, may upon the mother's death have a reasonable and plausible, though perhaps legally insufficient, ground for honestly believing she has a valid claim against the mother's estate; and the existence of such belief and expectation, as well as the question of good faith on claimant's part, are peculiarly for determination of jury.

Appeal from Circuit Court, Turner County. Hon. ROBERT B. TRIPP, Judge.

Action by Tena Norman, against Certie Miller to recover money upon contract. From an order granting defendant a new trial after judgment for plaintiff, plaintiff appeals. Affirmed.

*Dan E. Hanson,* for Appellant.

*Jones & Jones,* and *Bogue & Bogue,* for Respondents.

(4) To point four of the opinion, Appellant cited: 27 L. R. A. (N. S.), page 707; Dan Dyke v. Davis, 2 Mich. 145; Chaffee v. Chaffee, Mich., 163 N. W. 879.

Respondent cited: Civ. Code, Sec. 1224, 1225; 5 Ruling Case Law, page 876; Prince v. Prince, 67 Ala. 565; Shandburne v. Dailey (Cal.) 18 Pac. 403.

WHITING, P. J. One Mrs. Frieling died intestate, leaving as her surviving heirs certain children and grandchildren. The youngest of the children is the plaintiff and appellant herein. At the time of the death of her mother, plaintiff was over 30 years of age, and she had resided with her mother at all times since her majority. A few days after the death of the mother, the children met to talk over matters pertaining to the settlement and administration of her estate. This action is brought to recover $250, and is based upon the following claims: Plaintiff claims that, at the meeting above referred to, the question of

her being recompensed for services rendered in caring for the mother was brought up; that at such meeting a contract was entered into whereby, in consideration of her agreement not to file any claim against the estate for such services, her brothers and sisters, each and every one, agreed to pay to her the sum of $250; that, relying upon such contract, she did not file any claim against such estate; that the time for filing claims has expired; and that defendant, one of the sisters, has refused to comply with the terms of the said contract. Verdict and judgment were for plaintiff. Defendant moved for a new trial, which motion was granted, and plaintiff appealed from the order granting such new trial.

[1] The motion for new trial was based upon numerous specifications of error, among which were specifications of the insufficiency of the evidence. Appellant has incorporated into her written argument a letter of the trial judge addressed to the attorneys herein. In this letter the trial judge discusses one of the grounds urged upon the motion for new trial. This letter, not being a part of the settled record, has absolutely no proper place in the printed record herein except as an authority upon the question therein discussed. It it were conceded that the sole ground upon which the new trial was granted was the trial judge's belief that he had erred, at the trial, in his rulings involving the proposition discussed in such letter, we would have left for our consideration the one specification which presented such conceded ground for granting the new trial. It would be very pleasing to this court and might ofttimes save the necessity of affirming orders granting new trials, if · trial courts, in such orders, would clearly state the sole ground or grounds upon which each order is based.

[2] In the present case one of the grounds assigned in support of the motion for new trial was the insufficiency of the evidence to support the verdict. Inasmuch as there was conflicting evidence upon material questions, this court must, under the well-established rule of this court, sustain the trial court, as we have no reason to assume that, in granting the new trial, the trial court did not exercise the discretion vested in it, under which it was authorized to grant a new trial if it believed that, under all of the evidence, justice demanded another trial.

26—Vol. 40, S. D.

[3, 4] One question discussed in the briefs must necessarily arise upon a new trial. It is strenuously urged by respondent that the alleged contract was without consideration, because, as she contends, the evidence fails to show that plaintiff had a valid claim against her mother's estate. In other words, it is the contention of respondent that, even if the alleged contract was entered into, yet such contract would be a nudum pactum unless appellant did actually have a valid claim in some amount against such estate, and this regardless of whether or not she honestly supposed she had such a claim and such supposition was based upon reasonable and plausible grounds. Respondent contends that for one to agree to refrain from prosecuting a claim or action the prosecution of which could only result in defeat could constitute no consideration for a contract such as the one alleged. It must be conceded that the appellant parted with nothing of value when she agreed to refrain from presenting a claim against the estate unless, as a matter of fact, she did have a valid claim against such estate. Respondent contends that, in the absence of any agreement express or implied under which the mother had agreed to recompense appellant for continuing to care for and serve such parent after appellant's majority, the law presumes that such care and service were given gratuitously, and holds that it does not constitute sufficient consideration for a valid claim against the parent's estate. Appellant did not prove that there was any agreement, either express or implied, under which her mother agreed to compensate her for care and service rendered. But the law favors the compromise of disputed claims, and especially those affecting the settlement of estates, and which settlements, owing to the relationship of the interested parties, will tend to promote family peace and harmony. There are authorities supporting respondent's contention. We think that rule to be based upon sounder reasoning that holds that, especially as between members of a family and where the agreement is one to refrain from prosecuting a claim against an estate in which such family is interested and such agreement will tend to preserve the estate and also to promote family peace and harmony, such agreement, by a party whose claim against the estate was made in good faith and was based upon some reasonable and plausible ground, is a good consideration for a contract such as the one

pleaded herein. 5 R. C. L. 880; 8 Cyc. 509; 12 Am. & Eng. Ency. Law (2d Ed.) 875; Chaffee v. Chaffee (Mich.) 163 N. W. 879.

We are of the opinion that one who, for 15 years after reaching her majority, remains in the home of her mother caring for and serving such mother under a belief and expectation that she will be recompensed therefor, may upon the mother's death have a reasonable and plausible—though perhaps legally insufficient—ground for honesty believing that she has a valid claim against the mother's estate. The existence of such belief and expectation, as well as the question of good faith on the part of the claimant, are peculiarly matters for the determination of the jury.

The order appealed from is affirmed.