SCHMIDT, Appellant, v. POTTER, et al, Respondents.

(184 N. W. 357.)

(File No. 4890. Opinion filed September 16, 1921.)

**New Trial—Granting "For Reasons Urged" and in "Interests of Justice," Non-specification of Grounds Under Court Rule, Effect.**

Where trial court granted a new trial "for reasons urged in motion for new trial and for further reason that court is of opinion that in the interests of justice" new trial should be granted, but without specification of grounds; held, under Rule 30 of Rules for Trial Courts of Record (40 S. D. Preliminary, Page 29), providing that trial court, when granting motion for new trial, shall in its order specify each and every ground on which the order is based and that all grounds urged on a motion and not so specified shall be deemed overruled by trial court, and, that under an assignment of error that trial court erred in granting new trial because "the opinion of trial court that new trial should be granted in the 'interests of justice' is not a ground for granting a new trial,"—that, while the form of the order does not comply with spirit of the rule, this Court can only infer that trial court granted the motion for all reasons urged on the motion, as well as in the interests of justice;

hence, whether trial court had or had not power to grant new trial solely "in the interests of justice" need not be determined.

Smith and McCoy, JJ., not sitting.

Appeal from Circuit Court, McCook County. Hon. Louis L. Fleeger, Judge.

Action by Ed. Schmidt, against L. D. Potter and W. M. Hause, as Individuals, and as Co-partners under the firm name and style of Potter & Hause, to recover (as to one cause of action) damages and conversion of personalty, and (as to the second cause of action) for damages for forcible ejectment, (two cases having been consolidated and tried as one.) Verdict and judgment having been for plaintiff, he appeals from an order granting a new trial. Affirmed.

*H. Van Ruschen* and *Kirby, Kirby & Kirby,* for Appellant.

*James R. McGee,* for Respondent.

Appellant cited: Callison v. Eads et al., (Mo.) 211 S. W. 715.

GATES, J. The trial of this cause was had to the court and jury and resulted in verdict and judgment for plaintiff. Upon the motion of defendants the court granted a new trial "for the reasons urged in the motion for new trial and for the further reason that the court is of the opinion that in the interests of justice a new trial should be granted." Rule 30 of the Rules for Trial Courts of Record (40 S. D. preliminary page 29) provides:

"The trial court, when granting a motion for new trial, shall, in its order, specify each and every ground upon which it bases such order; all grounds urged upon such motion and not specified in the order shall be deemed to have been overruled by the trial court."

The sole assignment of error is that the trial court erred in granting a new trial because "the opinion of the trial court that a new trial should be granted in the 'interests of justice' is not a ground for granting a new trial." As the basis for this assignfent it is argued that, because the trial court did not "specify each and every ground upon which it based its order," it must be inferred that the court denied each and every ground specified as error upon the motion for new trial. While the form of the order does not comply with the spirit of the rule and is not to be commended, we can only infer that the trial court granted the motion

for *all* of the reasons urged upon the motion for new trial as well as in the interest of justice. It is therefore unimportant to the determination of this appeal whether the trial court had or had not power to grant a new trial solely "in the interests of justice."

The order granting a new trial is affirmed.

SMITH and McCOY, JJ., not sitting.