HOUCK, Appellant, v. HULT, et al, Respondents.

(235 N. W. 512.)

(File No. 6801. Opinion filed March 16, 1931.)

*O'Keeffe & Stephens,* of Pierre, for Appellant.

*Bogue & Bogue,* of Parker and *Gunderson & Gunderson,* of Vermillion, for Respondents.

CAMPBELL, J. The above-entitled action was tried to the court without a jury, and findings, conclusions, and judgment were in favor of plaintiff. Thereafter defendants gave notice of intention to move for a new trial, which notice of intention stated that the motion would be "upon the following grounds," and then proceeded to specify generally each of the causes set forth in section 2555, R. C. 1919, for the granting of a new trial, excepting only the causes specified in subdivisions 2 and 3 of said section, being

misconduct of the jury and accident or suprise which ordinary prudence could not have guarded against.

Thereafter the motion for new trial was made, and said motion embraced all of the grounds set forth in the notice of intention.

Thereafter the learned trial judge made and entered an order purporting to grant a new trial, which said order after the title was as follows:

"The motion of defendants Anderson for a new trial having heretofore been submitted to the court by the above named parties on the settled record, and the court being convinced that in furtherance of justice that the motion should be granted, it is so ordered.

"To which plaintiff excepts and his exception is hereby settled and allowed.

"Done at Yankton, South Dakota, August 17, 1928.

"By the Court:

"R. B. Tripp, Judge."

This order was prepared by the trial judge and not by counsel for either party.

From this order plaintiff has appealed, and the sole assignment of error is that the trial court erred in making and entering the order granting new trial, for the reasons that said order "(1) does not set forth or specify the ground or grounds upon which said Order is based; (2) does not set forth or specify any legal ground for the granting of a new trial; and (3) is not based upon any ground urged by Respondents upon their Motion for a New Trial."

The statutes of this state with reference to the occasions when a new trial may be granted are very liberal in their terms. Section 2558, R. C. 1919, reads as follows: "The verdict of a jury may also be vacated, and a new trial granted by the court in which the action is pending, on its own motion, without the application of either of the parties, when there has been such plain disregard by the jury of the instructions of the court, or the evidence in the case, as to satisfy the court that the verdict was rendered under a misapprehension of such instructions, or under the influence of passion or prejudice."

■ This section gives the trial judge an extremely broad power to grant new trials of his own motion if he believes that his instructions have been misunderstood or disregarded, or that the verdict is so contrary to the evidence as to indicate the influence of passion or prejudice, although this power must be exercised at the time the verdict is returned, if at all. See Delmont State Bank v. Ramsdell, 50 S. D. 188, 208 N. W. 827, and cases cited.

Section 2555, R. C. 1919, provides the cases wherein a new trial may be granted upon application of a party in the following language:

"The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party:

"1. Irregularity in the proceedings of the court, jury, or adverse party, or any order of the court, or abuse of discretion by which either party was prevented from having a fair trial.

"2. Misconduct of the jury; and whenever any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors.

"3. Accident or surprise, which ordinary prudence could not have guarded against.

"4. Newly discovered evidence, material to the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.

"5. Excessive damages, appearing to have been given under the influence of passion or prejudice.

"6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against law.

"7. Error in law, occurring at the trial and excepted to by the party making the application."

The very liberality of the language of this statute makes it extremely difficult for a party appealing from the granting of a new trial, and for this court in such case, to know what particular error or errors the trial judge believes to have been committed sufficient to justify the granting of a new trial, unless in his order

granting such new trial he affirmatively specifies his reason or reasons for so doing with much greater detail and particularity than merely to reiterate the broad general grounds set forth in the statute.

This situation was pointed out in an opinion of this court in Norman v. Miiller, 40 S. D. 399, 167 N. W. 391, 392 (May 1, 1918), by Judge Whiting, in the following language: "The motion for new trial was based upon numerous specifications of error, among which were specifications of the insufficiency of the evidence. Appellant has incorporated into her written argument a letter of the trial judge addressed to the attorneys herein. In this letter the trial judge discusses one of the grounds urged upon the motion for new trial. This letter, not being a part of the settled record, has absolutely no proper place in the printed record herein except as an authority upon the question therein discussed. If it were conceded that the sole ground upon which the new trial was granted was the trial judge's belief that he had erred, at the trial, in his rulings involving the proposition discussed in such letter, we would have left for our consideration the one specification which presented such conceded ground for granting the new trial. It would be very pleasing to this court and might ofttimes save the necessity of affirming orders granting new trials, if trial courts, in such orders, would clearly state the sole ground or grounds upon which each order is based."

By chapter 163, Laws 1919, the Supreme Court was affirmatively authorized and required on or before July 1, 1919, to establish rules of practice for trial courts of record, and pursuant thereto the court did on March 12, 1919 (40 S. D. preliminary pages 17-36), establish such rules to be effective July 1, 1919, including therein (perhaps not uninfluenced by the suggestion in Norman v. Miller, supra) Rule 30 reading as follows: "Contents of Orders Granting New Trials. The trial court, when granting a motion for new trial, shall, in its order, specify each and every ground upon which it bases such order; all grounds urged upon such motion and not specified in the order shall be deemed to have been overruled by the trial court." The language of this rule seems quite simple and easy of understanding, and the spirit and intention thereof quite plain and definite. It contemplates that the trial court shall do just what the rule requires, namely, shall specify each

and every ground upon which the order granting new trial is based. The rule further contemplates that such specification shall be actual and detailed as to the particular errors which the trial judge relies upon as justifying the granting of a new trial, and shall not be a mere reiteration of the broad general grounds stated in section 2555, R. C. 1919. The spirit and intention of the rule is not complied with by reciting merely that the new trial is granted because of "irregularity in the proceedings" under subdivision 1, sec. 2555, but the order should point out specifically the particular irregularity or irregularities upon which the trial judge relies as a sufficient reason for the granting of a new trial.

"It is contended by appellant that that portion of the order granting a new trial upon the ground of 'error in law occurring at the trial, excepted to by the defendant' is not a compliance with rule 30 of Trial Court Rules, requiring trial courts in orders granting new trials to state therein all grounds upon which it bases such order. While respondents in their brief have not discussed or relied upon specific errors occurring at the trial, and this ground need not now be considered, we take this opportunity to state that the rule is intended to lighten the labors of this court, and for that reason an order granting a new trial should specifically point out the errors which in the opinion of the trial court require a new trial. If no error is glaring enough to be discernible by the court and interested counsel at the time of making the order, injustice is not likely to result from its disregard. If such error is apparent, it should be specifically pointed out. A compliance with the spirit of the rule requires more than the mere general statement of the grounds as in this order. It should go further and state the particular errors which influenced the trial court in its decision." Gamble v. Keyes (1925) 49 S. D. 39, 206 N. W. 477.

Rule 30 clearly provides that all grounds urged upon the motion for new trial and not specified in the order granting the new trial shall be deemed to have been overruled by the trial court. Under our decisions respondent may, in such event, if he desires, broaden the record, if necessary, to show and argue on appeal that the motion ought to have been granted upon other of the grounds urged, and, if that view is taken by this court, the order granting the new trial will be affirmed, even though not justified by the specific ground upon which it was based by the

trial court. See Corsica State Bank v. Heezen, 54 S. D. 113, 222 N. W. 671; Plucker v. Chicago, M. & St. P. Ry. Co., 48 S. D. 185, 203 N. W. 208. In the instant case, therefore, the presumption is that every ground upon which a new trial was asked by respondents has been overruled. It affirmatively appears from the record that respondents based their application for new trial upon every ground which the statute permitted to them, excepting only the grounds specified in subdivisions 2 and 3 of the statute, being misconduct of the jury (and there was no jury in this case), and accident or surprise which ordinary prudence could not have guarded against (and no one claims there was any such in this case). By the form of the present order and under Rule 30 all these grounds have been overruled, and the trial judge has departed entirely from the statute and has undertaken to grant a new trial utterly outside the statute, for the reason that he states himself to be convinced that a new trial should be granted "in furtherance of justice."

Respondents suggest that perhaps the learned trial judge relied upon the language of this court in Larsen v. Johnson, 43 S. D. 223, 178 N. W. 876, 877, wherein this court said as follows:

"A trial court, outside of the provisions of section 2558, Rev. Code 1919, no doubt has an inherent power to grant a new trial when of the view that the conduct of the trial was such as to amount to a clear mistrial or a clear miscarriage of justice.

"In this case the third ground assigned for granting the new trial discloses that the trial court was of the view that the error of the court in permitting the misconduct of attorneys and audience was such as to deprive the parties of a fair and impartial trial. We are of the view that where the trial court is satisfied that there has been a mistrial, or a clear miscarriage of justice, growing out of a failure of the court itself to discharge the duties of its office, the court has inherent power to grant a new trial by reason thereof at any time while the question of new trial is pending before him, and on this ground he may grant a new trial, without application or motion by either party, wholly upon his own motion."

In the Larsen Case the ground for granting new trial under discussion was that a fair and impartial trial was not had on the merits by reason of the misconduct of attorneys who par-

ticipated in the trial whereby the attention of the court and jury was diverted from the issues. The conduct of attorneys in the course of a trial is at all times subject to proper regulation by the presiding judge, and it is the affirmative duty of the presiding judge properly to regulate and control such conduct if occasion arises. If the presiding judge fails in this duty, such failure constitutes an abuse of discretion by the court. and an irregularity in the proceedings within the meaning of subdivision 1, section 2555, R. C. 1919, and is ground for the granting of a new trial under that statute. It is true that in the Larsen Case new trial was not asked for upon the ground, but that is not material. The language of the Larsen Case must be construed in accordance with the circumstances then presented to the court. The Larsen Case is not authority for the proposition and does not hold that there is an inherent power in a trial judge to grant a new trial for causes or grounds outside of or beyond those embraced in the statute. This court refused to decide that question in Schmidt v. Potter, 44 S. D. 526, 184 N. W. 357. And neither was it decided in the Larsen Case. The Larsen Case, under its facts and upon this particular point, is authority for this proposition and for nothing more; namely, that while the question of the granting of a new trial is pending before a trial judge, upon application of an aggrieved party, the trial judge has an inherent power, if he deems proper, to grant a new trial for any of the causes or upon any of the grounds specified in section 2555, R. C. 1919, even though such cause or ground was not set out or embraced in the application for the new trial as one of the grounds therefor.

The Larsen Case is still farther from constituting any authority for a trial judge to disregard the plain provisions of Rule 30, for in the Larsen Case the specific grounds and reasons which influenced the trial judge to grant a new trial (and as we have said, such grounds were well within the provisions of section 2555, R. C. 1919, though they were not embraced in the application for new trial), were set out in detail and at great length in the order granting the new trial.

We are emphatically of the opinion that under section 2555, R. C. 1919, and Trial Court Rule 30, the order granting a new trial in this case is utterly defective. The difficulties facing an appellant and this court upon an effort to review any such

order as that are manifest. The appellant would have to assume the burden of presenting in this court the entire record and undertaking to show as to every ruling and everything that happened that nothing occurred which ought otherwise to have been ruled "in furtherance of justice." The burden of the appeal would be grossly exaggerated. The appellant prevailed upon the trial below, and, if he is thereafter required to come to this court, it should be because of the granting of a new trial on account of some error below, and he is entitled to a record (including the order granting a new trial) which points out clearly where the trial court believes that error existed, and that is the only thing that appellant should have the burden (in the first instance) of sustaining in this court. Not only the difficulty, but also the absurdity of what has been attempted by the present order, is entirely manifest.

Respondents suggest that appellant cannot question the form of the order granting a new trial, because he did not make a motion or take other steps after the entry of such order in the court below to have the form of the order changed. That shoe, we think, is upon the other foot. An order granting a new trial, after an application therefor, is at the request and for the benefit of the moving party, and it is the duty of the moving party and the trial judge to see to it that such order complies in form, substance, and spirit with the statutes and rules of court.

In the instant case we cannot but be impressed with the fact that the trial judge and no one else is responsible for the form of the order. He drafted the order himself. His arbitrary failure to comply with Rule 30 undoubtedly placed counsel for both parties in a difficult and embarrassing position. After the oral argument in this court, wherein respondents' counsel argued, among other things, the serious injustice which might be done respondents if the order appealed from herein were reversed because of its utter disregard of Rule 30, and respondents thereby precluded of any opportunity for review of the cause, respondents applied to this court for an order to show cause directed to the trial judge requiring him to show cause why he should not amend his order granting a new trial nunc pro tunc by setting out therein the grounds upon which the order was based. This court has not issued the requested order to show cause thus sought by respondents, and we do not believe it is necessary so to do.

The substantial rights of litigants ought not to be made to depend, if possible to avoid it, upon the failure or refusal of a trial judge to comply with court rules.

For the protection of the rights of all parties to this proceeding we will assume therefor (as was done in Frank v. Ruzicka, 45 S. D. 49, 185 N. W. 371) what the record in this case affirmatively indicates is probably entirely contrary to fact; namely, that the failure of the trial judge to make his order granting new trial conform with Rule 30 was the result of inadvertence.

We will therefore retain jurisdiction of this appeal, and the order of this court will be as follows:

The record herein will be temporarily remanded to the trial court for the purpose of complying with the mandate of this court. The trial judge is directed, within ten days after the mandate of this court is received in the court below, to make and enter, nunc pro tunc as of the date of his previous order granting a new trial, an order in compliance with the letter and spirit of Rule 30, wherein the reasons for granting such new trial are specifically set out. Such nunc pro tunc order shall be forthwith transmitted to this court with the return of the record herein, and shall be deemed to replace the present order, and the present appeal shall continue to stand in this court as an appeal from such nunc pro tunc order. Before the filing of such nunc pro tunc order and the transmittal thereof to this court and as a condition precedent to receiving the same in this court, respondents shall pay to appellant as terms the sum of $100.

Appellant will be given sixty days after the payment of such terms and the filing of such nunc pro tunc order in this court to serve and file new briefs in this appeal, and respondents may have thirty days after the service and filing of appellant's new briefs wherein to serve and file new briefs on their part if they desire. Let an order be entered accordingly.

POLLEY, P. J., and BURCH, ROBERTS, and WARREN, JJ., concur.