MILLER, Appellant, v. HANSON et al., Respondents

(8 N. W.2d 927.)

(File No. 8574. Opinion filed March 29, 1943.)

**T. R. Johnson,** of Sioux Falls, and **Dwight H. Lloyd,** of Flandreau, for Plaintiff and Appellant.

**Fellows & Fellows,** of Mitchell, for Respondent corporation.

PER CURIAM. The question presented by this appeal is whether an insurance company may be held liable in tort for negligent delay in acting upon an application for insurance. The learned trial court entered judgment for the defendant company, and thereafter an order for a new trial. Its order granting a new trial was reversed by this court for reasons which do not relate to the merits. Miller v. Hanson, 68 S. D. 476, 4 N. W.2d 602. The present appeal is by the plaintiff from the original judgment for the insurance company.

The authorities are collected in 15 A. L. R. 1026, and 75 A. L. R. 952, and are analyzed in 3 Chicago Law Review 39. They are in conflict. The courts which have imposed liability on the theory of tort present strong social or ethical reasons for charging an insurance company with a duty to act promptly on such an application but fail to convince us that the essential legal duty so to do exists. It is elementary that an action ex delicto is founded upon a breach of duty.

We concur in the statement of the Supreme Court of Minnesota in Schliep v. Commercial Casualty Ins. Co., 191 Minn. 479, 254 N. W. 618, 622, as follows: "It is apparent that if liability is here to be imposed in an action ex delicto this court will be compelled to engage in judicial legislation. If and when it is desired to impose upon insurers additional burdens or requirements, the same should come through the legislative department of the government and not by virtue of judge-made law."

The judgment of the trial court is affirmed.

All the Judges concur.