Susan D. MANNING, Plaintiff,

v.

FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF RAPID CITY, Defendant, Third Party Plaintiff and Appellant,

v.

MINNESOTA MUTUAL LIFE INSUR-ANCE COMPANY, Third Party Defendant and Appellee.

No. 16296.

Supreme Court of South Dakota.

Considered on Briefs, Feb. 15, 1989.

Decided June 7, 1989.

Wayne Gilbert, Rapid City, for plaintiff.

Mark F. Marshall of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant, third party plaintiff and appellant.

Gene Bushnell, Rapid City, for third party defendant and appellee.

MEIERHENRY, Circuit Judge.

This appeal is from a breach of contract action brought by Susan Manning (Mrs. Manning), widow, against First Federal Savings and Loan (First Federal) as successors in interest to Perpetual Savings and Loan Association (Perpetual) for failure to provide credit life insurance on the life of her husband, Michael Manning (Mr. Manning). First Federal filed a third party complaint against Minnesota Mutual Life Insurance Company (Minnesota Mutual) for indemnity and contribution if Mrs. Manning should prevail. The trial court granted Minnesota Mutual's motion for summary judgment dismissing the third party complaint. First Federal appeals. We affirm.

Mrs. Manning and her husband secured a home loan from Perpetual on October 7, 1976. The Mannings executed several documents in connection with the loan including a mortgage, a promissory note, a disclosure notice required by Federal Regulation Z of finance rates and charges, and a settlement statement. The settlement statement required Mr. Manning to obtain credit life insurance. Mr. Manning indicated he wanted credit life insurance on the Regulation Z disclosure notice.

On this same day, Mr. Manning applied for credit life insurance by completing por-

tions of an application to Minnesota Mutual. The application contained a question about whether he had been hospitalized or had consulted a physician during the last three years. Mr. Manning checked "yes" to this question. The application also contained a follow-up question requesting particulars if the applicant answered "yes".* Mr. Manning failed to answer the follow-up question.

Perpetual sent the application to Minnesota Mutual. Minnesota Mutual received the application and labeled it as incomplete. The face of the application was stamped "INC. Oct. 11, 1976." Minnesota Mutual claims that under usual company practice it would have returned the incomplete application to Mr. Manning with a preprinted notice that the application could not be processed until all the information was provided. Minnesota Mutual would also have notified Perpetual of the incomplete status.

Mrs. Manning did not know if Mr. Manning received the returned incomplete application and found no correspondence in Mr. Manning's business records regarding the application. The employees of Perpetual did not recall if they had received notification that Mr. Manning's application was incomplete.

No premium was paid to Minnesota Mutual during the eight years prior to Mr. Manning's death. No policy was issued. Under normal business practices Perpetual would have escrowed the insurance premium and added the amount to Mr. Manning's monthly payment amount. For eight years preceding his death, Mr. Manning received accountings from Perpetual and its successor, First Federal, which indicated he had not paid credit life premiums.

In 1985 Mr. Manning, a United States Air Force pilot, died in a plane crash. Mrs. Manning contacted First Federal to file a claim to have his credit life insurance pay the remaining loan balance and was told that the policy had not been issued.

The third party defendant, Minnesota Mutual, moved for summary judgment on grounds that there was no genuine issue of a material fact. The trial court granted the motion, basing its decision on *Worden v. Farmers State Co., Inc.*, 349 N.W.2d 37 (S.D.1984).

The question before the court is whether Minnesota Mutual owed a duty to a party in this action upon which a claim for indemnity can be based.

Summary judgment is appropriately granted when the evidence, viewed most favorable to the non-moving party, shows clearly that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Wilson v. Great Northern Railway Company*, 83 S.D. 207, 157 N.W.2d 19 (S.D. 1968). The non-moving party "must set forth specific facts showing there is a genuine issue for trial". *Hughes–Johnson Co. v. Dakota Midland Hospital*, 86 S.D. 361, 364, 195 N.W.2d 519, 520 (S.D.1972).

> To attain this end, the rule permits a party to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions, answers to interrogatories and admissions on file show there are no genuine issues of material fact to be tried.

*Hughes–Johnson Co., supra,* 86 S.D. at 364, 195 N.W.2d at 520, *quoting* 6 Moore's Federal Practice, § 56.04(1), p. 2058. There may be an issue under the pleadings; but if the evidentiary matters are undisputed, summary judgment is proper. *Id.*

* This application contained the following questions

Date of Birth _____ Height _____
Weight _____ Occupation _____

Yes  No

☐  ☐  1. During the last three years have you been hospitalized or have you consulted a physician for any reason?

☐  ☐  2. Have you ever been treated for or advised that you had any of the following: Heart, Lung, Nervous or Kidney Disorder, High Blood Pressure, Cancer or Tumor, Diabetes?

If your answer to either question is yes, give particulars including name and address of physician and dates attended.

■ First Federal argues that the scope and existence of an agency relationship between Minnesota Mutual and Perpetual is a factual issue to be presented to a jury. The facts presented to the trial court, however, were virtually uncontroverted. The evidence shows that Perpetual provided blank Minnesota Mutual application forms to borrowers and assisted them in completing the applications. Perpetual then forwarded the completed applications to Minnesota Mutual and received a daily status report on the applications from Minnesota Mutual. The applications specifically stated that Perpetual could not bind Minnesota Mutual. The following statement was printed on the application:

It is understood that the company shall incur no liability because of this application unless and until it is approved by the company and the first premium is paid while my health and other conditions affecting my insurability are as prescribed in this application.

An administrative manual provided to Perpetual by Minnesota Mutual was produced, but neither party could produce or knew if a written agency agreement existed.

First Federal also argues that the discharge of the duty of care by Minnesota Mutual is a jury question. Again the facts are not in dispute. Mr. Manning failed to complete his application. Perpetual forwarded the incomplete application. Minnesota Mutual marked the application incomplete. Under normal business procedure Minnesota Mutual would have returned it to Mr. Manning and would have notified Perpetual of the incomplete status. Mrs. Manning does not know if her husband received the correspondence, and Minnesota Mutual was not able to produce evidence that the correspondence was deposited in the U.S. Postal Service.

Viewed favorably to First Federal, this evidence does not present a factual dispute. The duty of care is a question of law properly addressed by summary judgment.

Generally the duties and liabilities of a principal and agent are based on the agreement between the parties. Neither First Federal nor Minnesota Mutual could produce a written contract defining the duty of the principal. First Federal urges the court to adopt a duty of care which would require Minnesota Mutual to process completely an application once received.

This court, however, has defined the duty of an insurer in *Worden v. Farmers State, supra:*

South Dakota has aligned itself with those states which have held that there is no duty upon an insurer to promptly act upon an application for life insurance. *Miller v. Hanson* [69 S.D. 218, 8 N.W.2d 927 (1943)]. (citations omitted). An application for life insurance is nothing more than an offer for a contract and the insurer as offeree is under no duty to act upon the offer.

349 N.W.2d at 40.

■ Absent an express agreement, the insurer owes the same duty to its agent as it does to the insured when acting upon a life insurance application. As a matter of law Minnesota Mutual owed no duty to the applicant or its agent to act upon an incomplete life insurance application.

■ First Federal seeks indemnification from Minnesota Mutual. Indemnification, however, can only be invoked when the party seeking indemnification can show that liability should properly be shifted to the second party. *Ebert v. Fort Pierre Moose Lodge*, 312 N.W.2d 119 (S.D.1981). The only way in which liability could be shifted is if Minnesota Mutual breached a duty to First Federal or the applicant. Since we have held Minnesota Mutual does not owe such a duty; indemnification does not apply, and the summary judgment motion was properly granted.

The judgment of the trial court is affirmed.

WUEST, C.J., and MORGAN, SABERS and MILLER, JJ., concur.

MEIERHENRY, Judith, Circuit Judge, sitting for HENDERSON, J., disqualified.