## CLEMENT V. BARNES.

A verdict of a jury, to which neither party has objected, should not be vacated by the court on its own motion, unless there has been such a clear disregard of the instructions or the evidence in the case that the court is at once satisfied without mature reflection or the aid of argument that such verdict is the result of passion or prejudice, or was rendered under a misapprehension of the court's instructions, and the order should be made promptly upon the coming in and entry of the verdict.

(Syllabus by the court. Opinion filed Jan. 19, 1895.)

Appeal from circuit court, Grant county. Hon. J. O. AN-DREWS, Judge.

Action in claim and delivery to recover the possession of certain wheat. From an order setting aside a verdict for plaintiff, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*H. H. Potter* and *Thomas L. Bouck,* for appellant.

The court cannot set aside a verdict of its own motion after the verdict has been received and filed and an interval of time elapsed. Hayne on New Trial and App. sec. 10; Gould v. Elevator, 50 N. W. 969.

An order of court setting aside a verdict of its own motion cannot be sustained when there is full and sufficient evidence to sustain the verdict and no opportunity for any misapprehension by the jury of the instructions of the court.

*John W. Bell,* for respondent.

The supreme court will not reverse the order of the trial court granting a new trial unless error is clearly established, and unless it appears beyond a reasonable doubt that the trial court manifestly and materially erred with respect to some question of law. Sanders v. Wakefield, 20 Pac. 518; Reed v. Railroad, 37 N. W. 225.

An order setting aside a verdict and granting a new trial will not be reversed unless an abuse of discretion clearly appears. Holpin v. Nelson, 41 N. W. 62; Soper v. Manning, 158 Mass. 381.

FULLER, J. To recover the posession of certain wheat alleged to be wrongfully detained by defendant, to the immediate possession of which plaintiff avers that he is entitled, this action was brought in claim and delivery, and is based upon a certain chattel mortgage executed by defendant to plaintiff, and a subsequent written agreement between the parties, by which it is claimed defendant voluntarily delivered the wheat in question to plaintiff, for the purpose of having the same sold at private sale, and the proceeds thereof applied upon the mortgage indebtedness. The complaint is in the usual form, and the answer is, in effect, a general denial. Upon the issues thus raised the case was tried to a jury, and a verdict was returned in favor of plaintiff and against the defendant for a return of the property, or the value thereof, which was found to be $600. This appeal is from an order made by the trial court on the day following the return and entry of said verdict, by which the same was vacated and set aside on the court's own motion, and on the grounds specified in said order as follows: "First, that it appears that said verdict was rendered under a plain disregard by the jury of the evidence, or a material part thereof; and, second, that it appears that said verdict was rendered under a misapprehension of the instructions of the court."

Section 5091 of the Compiled Laws provides that "the verdict of a jury may also be vacated, and a new trial granted by the court in which the action is pending, on its own motion, without the application of either of the parties, when there has been such plain disregard by the jury of the instructions of the court, or the evidence in the case, as to satisfy the court that the verdict was rendered under a misapprehension of such instructions, or under the influence of passion or prejudice." It is urged by counsel for appellant that the court was without power to set aside a verdict, on its own motion, the day after the same was received and entered, and that there is nothing in the record to warrant the court in so doing. In order to justify and sustain the order appealed from in any event, the jury

must have so plainly disregarded their instructions or the evidence in the case as to satisfy the court, without the aid of argument, that the verdict was rendered under a misapprehension of such instructions, or under the influence of passion or prejudice; and a careful consideration of the various provisions of the statute relating to the subject of new trials leads us to the conclusion that the verdict must be so perceptibly in disregard of the instructions or the evidence as to satisfy the court upon its announcement, and without the necessity of mature reflection, that the same is grossly erroneous, or the result of passion or prejudice. In case of any other misconduct on the part of the jury, or when the evidence is insufficient to justify the verdict, or when excessive damages have been awarded by the jury, apparently through the influence of passion or prejudice, a notice of intention and a motion for a new trial must be made and served upon the adverse party, in order to give a court jurisdiction to hear and determine an application to set aside a verdict and grant a new trial; and to hold that a court may, upon its own motion, set aside a verdict to which neither party has objected, one day after its rendition, would tend to confuse and unsettle the practice, and lead the courts and practitioners of this jurisdiction into the realms of uncertainty. Upon the coming in of the jury the parties and their counsel are presumed to be present in court, for the purpose of taking an exception to any ruling of the court in relation to the verdict; and it is evident that the legislature did not intend to subject the prevailing party to the hardship of having his verdict, to which the other side has made no objection, set aside without notice, and without a hearing, and upon the court's own motion, after the jury has been discharged, and the witnesses have separated, and the litigants have returned to their respective vocations or places of abode. While section 5091 is silent as to the time within which the court may, in the exercise of its discretion, set aside a verdict upon its own motion, it cannot be held, without encroachment upon other sections relating to the same subject,

that such an order may be made within any stated period after the day on which the verdict was returned; and, unless the court acts promptly upon the return of the jury into court and the announcement of its verdict, steps to set aside the verdict and procure a new trial must be taken in accordance with the provisions of sections 5089 and 5090 of the Compiled Laws.

In discussing section 5091, the supreme court of North Dakota says: "In this state, and in the late territory, the instances of vacating verdicts and granting new trials without application of the parties have been exceedingly rare, and no such summary action should be taken except in cases falling clearly within the statute, and then the order should be made promptly on coming in of the verdict." Gould v. Elevator Co., 50 N. W. 970, 2 N. D. 216. Concerning section 662 of the California Code of Civil Procedure, which is the same as the statute under consideration, Mr. Hayne, in his work on New Trials and Appeals, at pages 10 and 11, observes that: "With respect to verdicts, the better opinion seems to be that the judge can grant a new trial of his own motion only at the time the verdict is rendered, * * * as the statute gives the power in those cases only in which the error of the jury is so gross as to be at once apparent, and requires the court to exercise it as soon as the verdict is rendered." The views above expressed regarding the power of the court to vacate a verdict upon its own motion renders any examination of the case upon its merits unnecessary, and as section 5093 of the Compiled Laws may be broad enough to enable the defendant, upon good cause shown, to procure an order fixing the time within which to make an application for a new trial, or take the necessary preliminary steps thereto, we decline to express an opinion upon any question which might be presented to the court below upon a motion for a new trial. The order from which the appeal was taken is reversed.