## WIGGINS v. JACKSON.

No. 5255.  Opinion Filed December 7, 1915.

(153 Pac. 879.)

**NEW TRIAL—Motion—Right to Amend.** A motion for a new trial may be amended after the three days allowed by the statute for filing the motion, by a clearer, more appropriate statement or elaboration of the grounds originally set up; but such an amendment, filed after the statutory time has expired, cannot set up new and independent grounds therefor. **Rogers et al. v. Quabner et al.,** 41 Okla. 107, 137 Pac. 361.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by C. E. Wiggins against W. N. Jackson. Judgment for plaintiff, and from an order granting a new trial plaintiff brings error. Affirmed.

*Sigler & Howard,* for plaintiff in error.

*I. R. Mason* and *J. H. Mathers,* for defendant in error.

Opinion by RITTENHOUSE, C. On December 3, 1912, judgment was rendered in this action, a motion for new trial was filed, and on December 21, 1912, an order was made continuing the hearing on the motion until the January, 1913, term of the district court. On January 16, 1913, the defendant filed an amended motion. No new grounds for a new trial are incorporated therein, but the amendment is merely a more complete, clear, and appropriate statement or elaboration of the grounds set up in the original motion for a new trial. This motion was sustained, and the appeal taken from that order.

It is admitted by the plaintiff in error that there is but one question in this case, and that is:

"Did the court err in sustaining the defendant's motion for a new trial filed on the 16th day of January, 1913?"

And it is argued in behalf of this contention that a motion for a new trial cannot be amended so as to contain additional grounds for a new trial. This is not the question raised by the record. The original motion for a new trial contained four grounds; the amended motion is merely an elaboration of the original motion. We therefore find from the record that no new grounds were contained in the amended motion for a new trial, and it has been held by this court in *Rice v. Folson,* 32 Okla. 496, 122 Pac. 236, *Rogers et al. v. Quabner et al.,* 41 Okla. 107, 137 Pac. 361, and *Potts v. Rubesam,* 156 Pac. 356 (not yet officially reported), that a motion for a new trial may be amended, after the three days allowed by statute for the filing of a motion, by a more clear and appropriate statement or elaboration of the grounds originally set up, but, sustaining the argument of the plaintiff in error, that an amendement to a motion for new trial cannot set out new and independent grounds after the expiration of the three days.

We therefore conclude that the amendment to the motion for a new trial did not set up new and independent grounds, but was a more clear and appropriate statement or elaboration of the original motion for a new trial.

The cause should therefore be affirmed.

By the Court: It is so ordered.