## SOUTHERN KANSAS STAGE LINES CO. v. WYNNE.

No. 26886. Dec. 15, 1936.

Dudley, Hyde, Duvall & Dudley, for plaintiff in error.

Reily & Reily, for defendant in error.

PER CURIAM. The parties will be referred to herein as they appeared in the trial court, V. R. Wynne, as plaintiff, and the Southern Kansas Stage Lines Company, a corporation, as defendant.

The plaintiff recovered judgment against the defendant for damages for personal injuries ¨ sustained by him. Motion for new trial was properly filed within three days. After the term at which judgment was rendered the defendant sought to amend its motion for new trial ¨by dictating into the record a supplemental motion for new ¨trial, setting up the new ground of newly discovered evidence. This supplemental motion for new trial was never reduced to writing nor filed in the office of the clerk of the trial court, although the court allowed a witness to be sworn and testify as to the facts alleged to be newly discovered evidence, and same appears in the case-made. No petition for new trial on the grounds of newly discovered evidence was ever filed and summons served on the plaintiff after the term. The plaintiff objected throughout to the consideration. of the supplemental motion for new trial on the grounds that it had never been reduced to writing and filed in the form and manner required by the statute, and saved exceptions, but after hearing the witness testify the court held in favor of the plaintiff and overruled the defendant's motion for new trial and refused to consider the supplemental motion for new trial, the defendant saving its exceptions and bringing the case here for review, the trial court's action in this respect being the only question presented in plaintiff in error's brief.

After the expiration of the three days allowed, a ¨motion for new trial timely filed may be amended to clarify the grounds originally set up, but not to set up new and independent grounds. Wiggins v. Jackson, 52 Okla. 723, 153 P. 879. The trial court did not abuse its discretion in overruling the original motion for new trial, and defendant presents only the proposition that the trial court should have granted a new trial because of the alleged supplemental motion for new trial dictated into the record and the testimony of the witness given in support thereof.

Sections 400, 401, and 402, Okla. Stats. 1931, provide the procedure for a new trial, and an application for new trial must substantially comply with the statutes; a motion for new trial must be reduced to writing and filed in the office of the clerk of the trial court or the same is a nullity.

In Piersol v. State ex rel. County Attorney of Jackson County, 122 Okla. 124, 254 P. 104, the syllabus of the court is in part as follows:

"Where a motion for a new trial is dictated to the court reporter and transcribed into case-made, without being filed in the office of the clerk of the trial court, the same is a nullity and nothing is brought before this court for review."

Again, in the case of Eskridge v. Taylor, 75 Okla. 139, 182 P. 516, the court said in part:

"The requirements that the motion ,be verified by the applicant is to secure a prima facie case, sustaining a claim of reasonable diligence to discover the evidence. In the instant case the motion for a new trial not only was not verified, but the affidavits of the newly discovered witnesses are not attached or filed and made a part of the motion for a new trial. But, on a subsequent date, when the· motion was heard, the oral testimony of these two witnesses was submitted, and the same is embodied in the case-made. This was not a compliance with the statute."

The trial court did not commit error in refusing to consider the alleged supplemental motion for new trial or refusing to grant the defendant a new trial on the pleadings and showing made in this case. The question of ·newly discovered evidence could have been presented to the trial court by petition for new trial on the grounds of newly discovered evidence filed in the case and summons issued. as provided by section 402, Okla. Stat. 1931, since the alleged newly discovered evidence was discovered after the term. The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Ted Morgan, Tom L. Wilhite, and Wm. McFadyen in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Morgan and approved by Mr. Wilhite and Mr. McFadyen, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN,

V. C. J., and BAYLESS, BUSBY, and WELCH, JJ., absent.