WALTER *v.* GREAT AMERICAN INDEMNITY CO.

[No. 27,301. Filed February 19, 1940.]

*P. C. Fergus,* and *Joseph E. Talbott, Jr.,* both of South Bend, for appellant.

*George Sands,* of South Bend, for appellee.

SHAKE, C. J.—This is the second attempt to appeal this case. See *Great American Indemnity Co.* v. *Walter* (1939), *ante* p. 167, 23 N. E. (2d) 586.

The appellant was a justice of the peace in and for German Township, St. Joseph County, and the appellee was surety on his official bond. The appellee filed a petition to be released from said bond, pursuant to § 49-134, Burns' 1933, § 13085, Baldwin's 1934. Summons was issued and served, directing appellant to appear and file a new bond by a day fixed. Subsequently he tendered a bond which the court refused to approve, and he then filed a motion for a change of venue from the judge. That motion was overruled and the office was declared vacant. The appellant then made what is referred to in the transcript as an "oral

motion for a new trial," which was likewise overruled, and this appeal followed.

It is assigned that the court below erred: (1) in overruling appellant's motion for a change of venue from the judge; (2) in sustaining appellee's petition to be released from the official bond; (3) in refusing to approve appellant's new bond; and (4) in overruling appellant's motion for a new trial.

We do not find it necessary to determine whether appellant was entitled to a change of venue from the judge in a proceeding of this character. If he were, the alleged error could not be independently assigned in this court. Refusal of a court to grant a change of venue can only be reviewed when it has been presented by a motion for a new trial. *Knarr et al.* v. *Conaway et al.* (1876), 53 Ind. 120; *Scanlin* v. *Stewart et al.* (1894), 138 Ind. 574, 37 N. E. 401, 38 N. E. 401. The motion is not in the record and we are not advised as to what the grounds therefor were. There is no such thing as an oral motion for a new trial. *Addleman* v. *Erwin* (1855), 6 Ind. 494.

The presumptions are in favor of the action of the trial court in refusing to approve the appellant's new bond and in declaring his office vacant. This presumption must prevail until error is established. *Ferrara* v. *Genduso* (1940), *ante* p. 346, 24 N. E. (2d) 692. The substituted bond is not in the record, nor is there any showing what its penalty was or if its sureties, if any, were sufficient. Under these circumstances we cannot say that the trial court abused its discretion in refusing to approve the bond. If no sufficient bond was tendered there was a positive duty on the court, under the statute, to declare the

office vacant. § 49-136, Burns' 1933, § 13087, Baldwin's 1934.

Since no question for review is presented by the record, the appeal is dismissed.

NOTE.—Reported in 25 N. E. (2d) 328.