WESTERN CASUALTY & SURETY CO., A Corporation, Appellant, v. LASH, et al, Respondent

(290 N. W. 316.)

(File No. 8212. Opinion filed February 20, 1940.)

Rehearing Denied April 6, 1940.

**Frank Wickhem,** of Los Angeles, Cal., for Plaintiff and Appellant.

**C. A. Wilson,** of Hot Springs, for Intervenor and Respondent.

**Harold P. Gilchrist,** of Kadoka, for Defendant.

POLLEY, J. On the 9th day of March, 1936, the Martin Independent School District No. 1, as first party; John Gretschmann, contractor, as second party; and L. A. Lash, intervenor, as third party, entered into, and executed, an agreement whereby the second party agreed to build a schoolhouse for first party at Martin for the agreed price of $41,397, to be paid by the first party on estimates as the work progressed. Third party was a dealer in lumber and building materials and operated a lumberyard in Hot Springs.

The first party required, before it would sign said contract, that the second party would furnish a good and sufficient contract bond equal in amount to the contract price of the building, for the faithful performance of the said contract and to pay for all the labor and material used in the construction of said building.

The second party applied to plaintiff, the Western Casualty & Surety Company, for the bond required by the first party. Said plaintiff agreed to furnish the bond, but upon condition only, that second party have at least $7,000 in cash on hand to be used as working capital for carrying on the work of said construction.

Second party had but $2,000 in cash, and with that amount only was unable to secure the necessary bond; but third party was anxious to secure the contract, and as an inducement to plaintiff to furnish the required bond loaned to second party $5,000 to make up the $7,000 of working capital. This money was placed to the credit of second party in a bank in Hot Springs and plaintiff executed the bond. Second party gave third party his note for $5,000, with interest thereon at 5% per annum, and as a further induce-

ment to third party to advance the said $5,000, second party agreed to purchase from third party all the labor and material to be used in the construction of said school building that third party could and wished to furnish. Second party then proceeded with the construction and completion of the building.

During the construction of the said building second party purchased from third party labor and material, all of which was used in the construction of said building, to the value of $18,265.53, upon which he testified that he made a profit of 10%.

As the work of construction of the building progressed, second party advanced to third party sums of money aggregating more than $15,000. All of this money with the exception of one check for $2,000 was applied by third party on what was due him for labor and material he had furnished to second party in the construction of the building. The $2,000 check above mentioned was applied by third party on the $5,000 note second party had given him when he advanced the $5,000 to be used as working capital. Third party then made out a statement of the amount he claimed to be due him from second party in which he included the $3,000 still due on the $5,000 note, and for this total amount he presented to the plaintiff a bill as the amount that was due him from plaintiff under the provisions of the surety bond. Plaintiff contends that it is not liable to third party for any portion of the $5,000 advanced by him for working capital, and whether plaintiff is liable to third party for all or any part of the said $5,000 is the principal issue to be determined in this case.

At the outset we are met by a motion on the part of third party to dismiss plaintiff's appeal from the order overruling plaintiff's motion for a new trial. This motion is based upon the ground that the notice of intention to move for a new trial was prematurely served. Section 2557, Rev. Code 1919. Said section 2557 requires that before a motion for a new trial can be entertained, the moving party must, "within twenty days after the verdict of the jury if the action were tried by a jury, or after notice of the decision of

the court if the action were tried without a jury, serve upon the adverse party a notice of intention," to move for a new trial.

■ The notice of intention was served before the decision of the court was made; therefore, it was of no force or effect. Muckler v. Smith et al., 51 S. D. 127, 212 N. W. 491.

■■ The notice of intention is jurisdictional, but it is jurisdiction of the person, and not of the subject matter, and may be waived. In this case the intervenor appeared generally and took part in the proceedings on motion for new trial and in that way waived the question of jurisdiction of the court; indeed, third party, himself, brought on the motion for new trial. The motion to dismiss the appeal from the order overruling the motion for a new trial is denied.

The trial court allowed intervenor's claim for both the $3,000, the balance due on the $5,000 note, and also for the $2,000 represented by the $2,000 check that was applied by intervenor on the $5,000 note that plaintiff claimed should have been applied on the bill for labor and materials that were used in the construction of the building.

■ So far as this case is concerned the only penalty named in the bond is payment for labor and materials and plaintiff claims that the language of the bond is not sufficiently broad to include borrowed money even though such money was used to pay for materials and labor that went into the construction of the building. In support of this proposition appellant cites 56 C. J. at page 506, where the proposition is stated as follows: "Money loaned or advanced to the contractor is not within a bond providing that the contractor shall pay all indebtedness incurred for labor and material for the construction of the school building," citing a long list of cases in support thereof. The weight of authority supporting this proposition is practically unanimous: United States to Use of Fidelity Nat. Bank v. Rundle et al., 9 Cir., 107 F. 227, 52 L. R. A. 505; Miller v. Bonner et al., 163 La. 332, 111 So. 776; Oliver Const. Co. v. Crawford, 142 Miss. 490, 107 So. 877; R. L. Snelson & Co. v. R. G. Hill & Co., 196 N. C. 494, 146 S. E. 135; Wachovia Bank & Trust

Co. et al. v. J. F. Mulligan Const. Co. et al., 200 N. C. 304, 156 S. E. 491; State ex rel. Hagquist v. United States Fidelity & Guaranty Co. et al., 125 Or. 13, 265 P. 775; Farmers State Bank of Waubun v. Anderson et al., 195 Minn. 475, 263 N. W. 443; Crane Co. v. Pacific Heat & Power Co., et al., 78 P. 460, 36 Wash. 95.

 As to the $2,000 check that third party applied on the $5,000 note a different situation is presented. This money was paid to third party who had two claims against second party; one on the note for money he advanced to finance second party, and the other for labor and material he had sold second party and that was used in the construction of the building. The money that was paid to third party was to his knowledge part of the proceeds of the contract, but second party gave third party no directions as to how the money was to be applied, and third party applied this payment on the note leaving the account for materials to that extent unpaid. Under the general rule as to the application of payments on different accounts he had a perfect right to make such application. In support of this proposition intervenor cites and relies upon what is said in Grover v. Board of Education, 102 N. J. Eq. 415, 141 A. 81. In that case a contractor for the erection of a schoolhouse received a payment on the contract from the school board, and out of such payment paid a materialman to whom he was indebted for materials that had been used on another job, that was in nowise related to the contract under which he had received the payment. The money was paid to the materialman but without direction as to which account it should be applied. The materialman knew when he took this money that it was a part of the proceeds of the contract for which the surety company had furnished the surety bond, but instead of applying the money on that contract he applied it in payment on material that had been used in the performance of a contract with which the surety company had no connection. The contractor then filed a mechanic's lien upon the schoolhouse he was then building. The surety company claimed that it had such an equity in the proceeds of that particular job that it had a right to have the payment

applied upon the indebtedness for which it was surety. The court held that the lien was valid even as against the surety. That the mere fact that the money used by the contractor in making this payment was received by the contractor as part payment on the schoolhouse contract gave the surety no right at law or in equity to insist that such money be used solely for the payment of debts arising out of the schoolhouse job. We have no quarrel with the court in regard to the conclusions in that case, but we think that that case is clearly distinguishable from this. In that case the materialman was not a party to the contract and had no interest in the contract; neither did he, to any extent, induce the surety to execute the contract bond and was under no obligation whatever to the surety company. In this case third party was interested in and is one of the parties who executed the contract. He advanced money to second party to be used as working capital in carrying on the work under the contract. For this money he took a note upon which he was to receive interest. Before he advanced this money to be used as working capital he exacted a contract from second party to purchase from him a large amount of material and under which contract he furnished material and labor to the value of more than $18,000, upon which he made a profit of 10%. In applying this payment he received from second party on the note for the money advanced to second party, put him in the position of having advanced this money as an inducement to the surety company to execute the bond and then after the bond was executed to withdraw the same to the extent of $2,000 and leave the surety company liable therefor. To permit this would be neither fair nor equitable as between third party and the surety company and he should be and is estopped from so doing. This $2,000 will be applied on the material bill of third party and reduce the liability of the surety company to that extent. Third party is not entitled to judgment as against the surety for any part of the $5,000 advanced to second party nor to interest thereon.

Second party Gretschmann did not appeal and there will be no charge in the judgment as to him.

The judgment and order appealed from are reversed and the case is remanded to the trial court, with directions to make new findings of fact and conclusions of law, and to enter judgment in conformity with this opinion.

All the Judges concur.