HYLLAND, Respondent, v. LAWRENSON et al., Appellants

(47 N. W.2d 287)

(File No. 9165. Opinion filed April 9, 1951)
Rehearing denied May 22, 1951

**John Carl Mundt,** Sioux Falls, **C. H. McCay,** Salem, for Plaintiff and Respondent.

**Davenport, Evans, Hurwitz & Smith,** and **Robert C. Heege,** Sioux Falls, for Defendants and Appellants.

HAYES, J.   Defendants in a suit for damages resulting from a collision of motor vehicles have appealed from an

order granting a new trial. The verdict of a jury being in defendants' favor, judgment was thereupon entered and notice of the entry of said judgment was served upon plaintiff on September 15, 1949. On March 11, 1950, four days short of six months subsequent to notice of entry of judgment, plaintiff filed a motion for new trial. By agreement of counsel said motion was presented to the trial court on the date of the filing thereof. The order granting a new trial bears date March 15, 1950, and was filed a week later.

Plaintiff's motion contains three so-called grounds, the same being stated in the language of subdivisions (1), (6) and (7) of SDC 33.1605. In addition, the motion recites that it is based upon the pleadings, orders, rulings et cetera, including shorthand notes. Defendants point out, and the settled record affirms, that this motion is unsupported by affidavit or particulars as required by SDC 33.1606, as amended by order of this court dated April 24, 1946.

The body of the order granting a new trial is as follows: "Plaintiff in the above entitled action, having moved the Court to vacate, set aside judgment heretofore entered in favor of the defendants and against the plaintiff, and for an Order granting a new trial and re-trial of the issues herein, and it having been stipulated that the hearing on said motion may be brought on for hearing on Saturday morning, March 11th, 1950, at the hour of ten o'clock in the forenoon, or as soon as counsel can be heard, and the plaintiff appearing by her attorneys John Carl Mundt and C. H. McCay, and the defendants appearing by their attorney Ellsworth Evans, of Davenport, Evans Hurwitz and Smith, and said motion having been duly presented, and the Court having listened to arguments of counsel, and having considered the matter, and,

"The Court having heard the evidence and being of the opinion that the defendant was negligent as a matter of law, in attempting to pass the plaintiff on the right, instead of on the left as set forth in the written opinion filed herewith, and that the Court considers that there was a plain disregard by the jury of the instructions of the Court and the evidence, and the Court being satisfied that the verdict was

rendered under a misapprehension of such instructions and that said verdict was rendered under the influence of passion and prejudice, and the Court deeming that a new trial should be granted upon both the motion of the plaintiff and under Section 33.1609 SDC, it is therefore

"Ordered, that a new trial be, and the same is hereby granted."

By appropriate assignments of error defendants assert insufficiency of the motion as a basis for the order appealed from and an absence of authority on the part of the trial court to rest said order upon the provisions of the code section referred to therein.

Plaintiff makes no attempt to meet the contention that her motion for a new trial was inadequate upon which to invoke the power of the court to vacate the verdict and judgment for defendants and to grant plaintiff a new trial. Relying altogether upon recitations in the order, evidently lifted from SDC 33.1609, and upon an argument of the trial court respecting the alleged negligent conduct of defendant Lawrenson at the time of the collision in question, plaintiff urges that the court properly resorted to its inherent power to award a new trial for the reasons set forth in the order. It is observed that the memorandum opinion referred to in the order, which opinion is made a part of the settled record, contains no mention of claimed contributory negligence on plaintiff's part. The testimony in support of this asserted negligence led to the verdict and judgment in defendants' favor.

■ We approach the questions thus presented with due regard for the rule repeatedly announced in prior decisions of this court, i. e., that an order granting a new trial will not be disturbed on appeal unless it is made to appear clearly that such order was the result of an abuse of sound judicial discretion.

Turning first to plaintiff's motion, and the total lack of a compliance with SDC 33.1606, as amended we are unable to guess with even slight hope of a fair degree of accuracy what plaintiff's counsel had in mind, as grounds for seeking a new trial, when he incorporated verbatim in his motion

subdivisions (1), (6) and (7) of code section 33.1605. Subdivision (1) specifies a number of causes or grounds upon which a new trial may be granted. Plaintiff's motion, however, is not made upon affidavit as required by SDC 33.1606, as amended. If plaintiff had in mind an irregularity or abuse of discretion "sufficiently disclosed by the record to support the application", and therefore not requiring an affidavit under the present rule, his motion or application makes no reference to support therefor to be found in the record, nor does said motion even indicate that support for one or more of the causes specified in subdivision (1) might be found by a sustained search of the record. A general reference to all of the documents and evidence in the case is of no aid to the court, or to opposing counsel, in arriving at an understanding respecting the cause or causes upon which the applicant was relying in his request for a new trial.

With regard to the second paragraph or "ground" of plaintiff's motion, in the language of said subdivision (6), we deem it sufficient to restate the applicable provision of SDC 33.1606, amended as aforesaid, to wit: "When the application is made under the sixth subdivision of such section (33.1605), it shall state the particulars wherein the evidence is claimed to be insufficient". Plaintiff's application or motion wholly fails to meet this requirement.

As hereinbefore indicated, the third and last paragraph of plaintiff's motion, designated as a ground or grounds upon which a new trial was sought, is a copy of subdivision (7) of section 33.1605, and nothing more. What error or errors in law plaintiff intended to assert as occurring at the trial cannot be gleaned from said motion. If plaintiff's counsel thought he had a cause for a new trial which fell within the provisions of said subdivision the established practice required that he specify in his application the errors materially affecting the substantial rights of plaintiff charged against the court. Obviously, furnishing the trial judge with a copy of some code provisions falls far short of stating the reason or cause why a new trial should be granted.

We agree that the motion was not of such substance as

to invoke the authority of the court to determine, in the exercise of sound judicial discretion, the question of a new trial.

█ The challenged order recites that a new trial should be granted upon both the motion of the plaintiff and under SDC 33.1609. The general reference to plaintiff's motion was wholly inadequate under the express provisions of code section 33.1611 as follows: "Order granting new trial must show grounds upon which based. The trial Court when granting an application for new trial shall in its order specify each and every ground upon which it bases such order; all grounds urged upon such motion and not specified in the order shall be deemed to have been overruled by the trial Court."

The opinion of this court in Houck v. Hult, 58 S.D. 181, 235 N.W. 512, emphasizes that a compliance with the quoted section is most essential and must be made. The reference to plaintiff's motion in the court's order was ineffectual for any purpose.

█ We reach lastly the question whether six months subsequent to the entry of judgment for one party the trial court still retains authority to act on its own motion and may then grant a new trial to the other party under the provisions of section 33.1609. This question too was dealt with at some length in Houck v. Hult, supra. If what was then said left any doubt about the matter we think that the last sentence of said section placed the issue at rest. This sentence reads thus: "The Court can grant such trial on its own motion only at the time the verdict is returned." The phrase, "at the time the verdict is returned", preceded by the word "only", fixes the time when the trial court must act in granting a new trial under this section. Six months after judgment is clearly not at the stated time.

The order appealed from is reversed.

All the Judges concur.