53 So.2d 811

**PENDLEY v. STATE.**

**6 Div. 236.**

Court of Appeals of Alabama.

Aug. 2, 1951.

Reuben L. Newton, Jasper, for appellant.

Si. Garrett, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant, a white woman, was jointly indicted with Hosea Agnew, a Negro, for the offense of miscegenation.

A severance was granted, and this appellant's jury trial resulted in a verdict of guilty.

The evidence presented in the trial below was substantially the same as that presented in the trial of Hosea Agnew, and which we have set out in our opinion in the Agnew case. Agnew v. State, Ala.App., 54 So.2d 89.[1] We will not therefore again detail this evidence, except to point out that in the present case a statement made by this appellant to the effect that she had had sexual intercourse with Agnew three or four times, and that the father of her baby was a colored man was received in evidence.

Evidence tending to establish the voluntary character of these statements preceded their introduction, and the only question as to their proper admission arises out of the sufficiency of the proof of the corpus delicti to warrant their introduction.

If anything, the proof of the corpus delicti in this case was somewhat stronger than in the Agnew case, in which we concluded that the corpus delicti had been sufficiently established to permit the introduction of Agnew's confessory statement. The same principles govern the question here, and we will not again reiterate them.

The record shows that prior to arraignment the appellant and Hosea Agnew, her joint indictee, filed motions for separate trials, and that these motions were overruled. A jury was then struck by these parties jointly. The court then announced that it granted the motion for separate trials. No objection was interposed by the appellant to going to trial before the jury that had been thus selected, nor was any request made by appellant that he be permitted to strike a new jury.

Section 319, Title 15, Code of Alabama 1940, provides that: "When two or more defendants are jointly indicted, they may be tried, either jointly or separately, as either may elect."

In the absence of such statutory provision, the allowance of separate trials was discretionary with the court. Since the enactment of the above statute our courts have viewed the matter of a separate trial, when demand is timely made, as an unqualified right. Palmer v. State, 15 Ala.App. 262, 73 So. 139.

The court was therefore in error as to its original ruling which denied the motions for separate trials.

In striking the jury jointly, the appellant was undoubtedly deprived of half the number of challenges she would have been entitled to had she struck the jury individually. This fact however did not affect the legality of the jury, but constituted an irregularity only in selecting the ultimate 12 jurors who tried the case. A party who fails to timely object to an irregularity in the striking of a jury and proceeds to trial with an irregularly struck but legal jury, waives any irregularities which may have occurred. Ball v. State, 252 Ala. 686, 42 So.2d 626; Leach v. State, 245 Ala. 539, 18 So.2d 289; Brackin v. State, 31 Ala.App. 228, 14 So.2d 383; 50 C.J.S., Juries, § 259.

The ultimate legality of the jury was not affected by the change in the court's ruling granting separate trials. Irregularity in the selection of the jury did however

1. Post, p. 205.

thereby attach. If dissatisfied with the jury because of this feature, the appellant should have interposed objections or otherwise have called the court's attention to his dissatisfaction with the jury as selected. Having failed to do so his satisfaction with the jury as selected must be deemed to have existed. Reversible error will not therefore be cast upon the trial court because of this feature of the case.

After the verdict had been received in this case appellant's counsel orally moved for a new trial, and as grounds therefor asserted certain acts of misconduct on the part of the bailiff and the jury.

To this attempted motion the court replied: "Let the record show the court polled the jury and all answered it was their verdict."

No other action seeking a new trial in this cause was pursued.

In the absence of a statute, a motion for a new trial may be made orally. See 66 C.J.S., New Trial, § 139(b), and cases cited.

However, Section 276, Title 7, Code of Alabama 1940, relative to new trials, provides:

"On motion filed within thirty days from entry of judgment a new trial may be granted in the following causes:"

To "file," as used in the above statute, means to deposit with the proper official a written paper. See numerous cases to this effect in 16 Words and Phrases, File, p. 537.

The precursor of Section 276, supra, first appeared in our Code of 1923, as Section 9518.

The necessary inference of the provision is that, insofar as the parties litigant are concerned, a motion for a new trial must be in writing. A court itself of course possesses the inherent right to ex mero motu grant new trials when the ends of justice so demand if such action is timely taken.

There has also been a complete failure to comply with Circuit Court Rule 22, Code 1940, Tit. 7 Appendix, relative to new trials.

In this state of the record there is nothing before us on which to base a review of the court's action or inaction relative to the abortive attempt to procure a new trial.

Affirmed.