MUSEUS et al., Appellants v. GEYER, Respondent

(66 N. W.2d 63)

(File No. 9429. Opinion filed September 30, 1954)

William F. Clayton, Sioux Falls, for Plaintiffs and Appellants.

Lacey & Parliman, Sioux Falls, for Defendant and Respondent.

SMITH, P. J.   The action is on a promissory note of defendant dated July 5, 1952 in the principal sum of $501.45 payable to the Servu Realty Company.   The complaint alleges that plaintiffs are holders in due course.   The answer denies that allegation, and avers that the note was given without consideration under promises by Abe Ogdie, the president of Servu Realty Company, that it would not be negotiated and he would pay it out of his drawing account. A verdict was directed by the trial court for plaintiffs at the close of the testimony.   After hearing on an application of defendant the court vacated the verdict and granted a new trial on the grounds of newly discovered evidence and accident or surprise.   The appeal is by plaintiffs from that order.

The rule that, to induce this court to interfere with an order granting a new trial, there must be a clear showing that the order resulted from an abuse of judicial discretion has become axiomatic.   It is the contention of plaintiff that this record clearly reveals such an abuse of discretion because the showing of defendant failed utterly to invoke the power of the court to grant a new trial.

The causes for granting a new trial include "(3) Accident or surprise which ordinary prudence could not have guarded against; (4) Newly discovered evidence, material to the party making the application, which he could not with reasonable diligence have discovered and produced at the trial".   SDC 33.1605.   As we have indicated, these are the causes on which the questioned order is expressly grounded by the trial court.   We elect to consider first the sufficiency of the showing of defendant dealing with newly discovered evidence.

The complaint alleges in broad terms that the note was transferred and endorsed to plaintiffs for a valuable consideration and that they are holders in due course. At the trial the plaintiff Museus testified that the note was transferred to plaintiffs on July 21, 1952 as part of the consideration for a conveyance by plaintiffs to the Servu Realty Company of a business building and lot located in Baldwin, Wisconsin. He testified that the total consideration for the deed was $5,000 and the note was not discounted. After the trial defendants' counsel procured a certified copy of the deed and discovered it bore only $2.20 in cancelled revenue stamps. This deed was presented to the trial court as newly discovered evidence. It is said by defendant that the deed establishes the falsity of Museus' testimony, and is sufficent, because of the unusual discount allowed by the Servu Realty Company, to warrant an inference that plaintiffs are not holders in due course.

Defendant's showing of newly discovered evidence also includes an affidavit of his daughter. It appears from the record that this daughter was the wife of the above named Abe Ogdie, president of Servu Realty Company. The daughter was living with Ogdie in 1952 but has since been divorced. Her affidavit purports to detail her knowledge with reference to the execution of defendant's note, and to describe the relationship between Ogdie and plaintiff Museus. She also recites statements made to her by Ogdie about the transfer of her father's note to Museus.

In his application for new trial the defendant does not attempt to justify his failure to produce the deed and his daughter's testimony at the trial; in fact, his showing is completely silent on the element of due diligence.

■ ■ The settled record as a whole reveals that defendant went to trial on the issue of whether plaintiffs were holders in due course of his promissory note without any knowledge of the facts surrounding the transfer of the instrument to plaintiffs. Procedure was available in SDC 33.-1002, dealing with motions to make more definite and certain, and for a bill of particulars, and in SDC 36.0503, dealing with the examination of adverse parties before trial,

through which he could have obtained all of the information he gained at the trial. It is apparent that by the most ordinary diligence in preparation for trial defendant would have been able to discover and produce at the trial everything contained in his showing of newly discovered evidence. Such a lack of diligence is fatal to a motion for new trial on the ground of newly discovered evidence. SDC 33.1605(4); Gaines v. White, 1 S.D. 434, 47 N.W. 524; Farmers Union Agricultural Credit Corp. v. Northwest Security National Bank, 66 S.D. 276, 281 N.W. 505.

In Gaines v. White, supra [1 S.D. 434, 47 N.W. 525], this court said,

> "The application must not only show that the new evidence was discovered too late to have been used at the trial, but that it was of such a nature, or so concealed, that it could not have been, by the use of reasonable diligence, discovered and produced at the trial. If new trials were legally granted in cases like this, the interests of society would be injuriously affected, and the administration of justice greatly disturbed. The adverse party is entitled to have an end put to the litigation, and his legal rights finally established. The good of all, society and litigants, requires that a party should be diligent in securing not part, but all, of his evidence, in order that one action may settle the controversy. If lax rules were to prevail, then great delays, and protracted and vexatious litigation, would be the consequence. If a defeated litigant could obtain a second trial upon the ground of newly discovered evidence without a strong, clear, and satisfactory showing of diligence, of the materiality of the evidence, and of the probability that it would change the result, there would be a temptation to great wrongs, and such a procedure would lead to grave abuses."

We quote from a portion of the order of the court dealing with the ground of accident or surprise:

> "That there was a non joinder of the party plaintiff Elmer Mattison, in the Complaint of the

plaintiff and that the defendant would have been entitled to a continuance but that, due to a misunderstanding of counsel, the defendant elected to continue with the trial and that the Court directed a verdict against the defendant, and that such a situation resulted in accident or surprise to the defendant which ordinary prudence could not have guarded against and that the ends of justice demand that a new trial be granted to the defendant to relieve him of an unjust result."

The circumstances serving as a background for this conclusion of the court are as follows: The action was instituted in the name of Jewell Museus as plaintiff. In his testimony Museus disclosed that the note was jointly owned by himself and one Elmer Mattison. Thereupon counsel for plaintiff moved to join Elmer Mattison as plaintiff and to amend the complaint. According to the transcript of the proceedings, the defendant's counsel neither objected to the joinder and amendment, nor did he ask the court for a continuance. In his affidavit made in connection with the motion for new trial, counsel asserts that when the motion to add a party plaintiff and to amend the complaint was made he said, "he would object to such an amendment if there was any possibility of a verdict being directed for plaintiffs and against defendant upon the then present state of the record." In his affidavit counsel for defendant asserts he "misunderstood the Court in as much as it was his understanding that such a verdict would not be directed. That had the attorney for defendant believed that there was any possibility of a verdict being directed for the plaintiffs and against the defendant he would have made a timely motion for a continuance over the term * * *." Whether the trial court said anything which warranted the understanding of counsel that a verdict would not be directed does not appear from counsel's affidavit or from the record. At the close of the testimony the court granted the motion of plaintiff for a directed verdict. Neither at the time the motion for a directed verdict was made, nor when the court announced it would grant the motion, did counsel advise the court he had elected to proceed with the trial and to forego the right of his client

to a continuance because the court had indicated a verdict would not be directed. Neither did he then attempt to have the case continued, nor did he claim to be surprised.

■ ■ Error in granting a directed verdict based on insufficient evidence constitutes cause for granting a new trial. SDC 33.1605(6). Neither the application for a new trial nor the order under consideration were put upon that ground. Neither is it defendants' claim that he was surprised by an erroneous ruling on the motion for a directed verdict. His claim is that he was misled into foregoing his client's rights to a continuance, and the opportunity to supply the court with additional evidence, by an understanding that the trial court would not direct a verdict for plaintiff. Whether counsel's understanding was warranted cannot be judged by this court because the record fails to reveal the facts which induced that understanding. It follows we cannot determine whether the trial court abused its discretion in concluding that defendant was the victim of surprise which ordinary prudence could not have guarded against. In passing we note that it is apparent from the record that he did not advise the court of his surprise. Cf. Gaines v. Whte, 1 S.D. 434, 47 N.W. 524; Haynes, New Trial and Appeal, § 84, nor did he make a belated request for a continuance when the court announced it would direct a verdict.

In Houck v. Hult, 58 S.D. 181, 235 N.W. 512, 515, it was said,

> "The appellant prevailed upon the trial below, and, if he is thereafter required to come to this court, it should be because of the granting of a new trial on account of some error below, and he is entitled to a record (including the order granting a new trial) which points out clearly where the trial court believes that error existed, and that is the only thing that appellant should have the burden (in the first instance) of sustaining in this court. * * *"

The appellant in this case is before this court with a record consisting of the court's conclusion that because of accident or surprise, which ordinary prudence could not have

guarded against, a new trial is granted. The facts upon which that conclusion is grounded are not revealed by the order or the record. In justice to appellant, our holding must be that in so far as it is based on accident and surprise, the order is without support in the record.

Among the causes for granting a new trial is "Insufficiency of the evidence to justify the verdict or other decision or that it is against law." SDC 33.1605(6). When the application for a new trial is based on that cause "it shall state the particulars wherein the evidence is claimed to be insufficient." SDC 33.1606. As indicated supra, the trial court expressly limited the grounds upon which its order is based to newly discovered evidence and accident or surprise. Although defendant did not apply for a new trial on the ground of insufficiency of the evidence, and did not specify the particulars wherein he deemed the evidence insufficient to sustain the directed verdict, and although the court did not grant a new trial on that ground and therefore did not indicate the particulars wherein it deemed the evidence insufficient, nevertheless, because the recitations of the preamble to the order includes "and it appearing to the Court and the Court finding * * * that the evidence is insufficient to justify the directed verdict", counsel for defendant here contends we should search the record for the particulars of insufficiency and affirm the order of the court on that ground.

■ Our decisions have been very liberal in supporting an order of the trial court granting a new trial. Corsica State Bank v. Heezen, 54 S.D. 113, 222 N.W. 671, and Plucker v. Chicago, M. & St. P. R. Co., 48 S.D. 185, 203 N.W. 208, are authority for the rule that if a ground urged in the application for a new trial warrants the granting thereof, and the respondent broadens the records so as to present that ground here, this court will affirm the order of the trial court, even though it is of the opinion that the order cannot be justified on the ground on which it was based by the trial court. We are now asked to go the full distance of affirming an order granting a new trial if through our search of the record we can find justification therefor, even though the cause we discover has neither been urged in the application for a new trial, nor specified by the trial court as the basis of its order.

■ ■ What the defendant would have us do could have been done by the trial court. Under the rule of Larsen v. Johnson, 43 S.D. 223, 178 N.W. 876, as explained in Houck v. Hult, 58 S.D. 181, 235 N.W. 512, a trial court, having pending before it an application for a new trial, may grant a new trial for any cause specified in SDC 33.1605 even though the cause on which it predicates its order is not urged in the application for a new trial. If the selected cause is insufficiency of the evidence, the order of the court must indicate the particulars wherein it deems the evidence insufficient.

Our conclusion is that to go to the extreme suggested by counsel, we would place an undue burden on counsel for appellant and on this court.

■ ■ Our decisions have sought to foster the broad discretion of the trial court to grant new trials in furtherance of justice, but we have been mindful that the party who prevailed in the first trial is entitled to fair treatment. As pointed out in Houck v. Hult, 58 S.D. 181, 235 N.W. 512, counsel for appellant should not be required, either in determining whether he will appeal from an order granting a new trial, or in preparing his brief and argument in this court, to search the entire record to determine whether just cause for a new trial lurks therein. We are also of the opinion that an appellate court should not increase its responsibilities and labors by undertaking such a search. In the absence of a record below which points out the particulars, where it is claimed the evidence is insufficient to support the verdict, we hold we will not consider that cause for granting a new trial.

While it has not been urged, the question remains,— should we follow the course adopted in Houck v. Hult, viz., retain jurisdiction and temporarily remand the record to the trial court to afford it opportunity to make a nunc pro tunc order supplying the defect in its order dealing with the ground of accident or surprise, and to permit it to point out the particulars wherein it deems the evidence insufficient to support its directed verdict, should it elect to base its order granting a new trial on that ground?

■ In Houck v. Hult that course was followed with the thought that justice could be done in the particular case

without weakening our new trial procedure, and that our decision would serve to point up and emphasize the necessity of meticulous care on the part of counsel and court in preparing a record to support an order granting a new trial. We digress to note that we there burdened the appellant with the task of preparing a new appellant's brief. To repeatedly follow the course adopted in that case would be to invite laxity, and in a sense to amend our rules of practice. If we adopt the practice in this additional case we cannot soundly refuse to grant the same relief to others. Therefore, we have decided we are not justified in affording the trial court an opportunity to enter a nunc pro tunc order.

The order of the trial court granting a new trial is reversed.

All the Judges concur.