(No. 33621.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HOMER D. FLYNN *et al.*—(HOMER D. FLYNN, Plaintiff in Error.)

*Opinion filed March 22, 1956.*

PAUL W. SCHNAKE, of Aurora, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN C. FRIEDLAND, State's Attorney, of Elgin, (FRED G. LEACH, EDWIN A. STRUGALA, and JOHN S. PETERSEN, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

Plaintiff in error, Homer D. Flynn, together with two companions, was indicted in the circuit court of Kane County for larceny of a motor vehicle. Judgment was entered on verdicts of guilty, and Flynn was sentenced to imprisonment for a term of two to five years, the sentence to run concurrently with that imposed in a companion case. (See *People* v. *Flynn,* Docket No. 33620.) He prosecutes this writ of error to review the record.

His sole contention is that incompetent and prejudicial evidence was erroneously admitted against him. Plaintiff in error testified in his own behalf. On cross-examination he was asked whether he had told a police officer he had been in the penitentiary. He replied it had nothing to do with the present case. He was then asked whether he had in fact been in the penitentiary, and whether the conviction had been for robbery or larceny. He refused to answer the questions. Counsel for plaintiff in error made no objection to these questions.

The State, while not disputing the impropriety of the questions, takes the position that there was no objection to them; that their impropriety was therefore waived; and that since the motions for new trial and for judgment notwithstanding the verdict were oral only, and no grounds were specified in writing, "the trial court properly overruled" them.

The questions presented are in substance the same as those considered in *People* v. *Flynn,* Docket No. 33620, decided today, and that decision is controlling here. The lack of technical nicety in the form of plaintiff in error's protest cannot be availed of to invoke the rule that failure to object to the admission of incompetent testimony is a waiver of error. The judgment of the circuit court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*