STATE, Appellant v. BOWERS, Respondent

(87 N.W.2d 60)

(File No. 9604. Opinion filed December 27, 1957)

**Alvin Schulz,** State's Atty., Brookings, **E. D. Barron.** Asst. Atty. Gen., for Plaintiff and Appellant.

**Roy A. Nord,** Madison, for Defendant and Respondent.

RENTTO, J.    The only question presented by this appeal is whether the application for a new trial in a criminal prosecution must be in writing.

Defendant Bowers, the holder of a Class D license for the retail sale of non-intoxicating beer, was charged with selling such beer to a minor under the age of 18 years. Upon trial, which required two days, the jury found him guilty.   After the jury returned its verdict and was dismissed he made an oral application for a new trial urging the insufficiency of the evidence.    It was made a part of the record by the court reporter.   The state's attorney was in the courtroom when the motion was made and stated that it was resisted.   No hearing was had on said motion. The court took it under advisement and stayed entry of judgment.   This occurred late on the night of February 8, 1956, the last day of the trial.

On March 15, 1956, defendant's counsel mailed to the state's attorney a written motion for a new trial based on the same ground and other grounds in addition thereto. Attached to this motion were the affidavits of two of the men who were members of the jury that tried the defendant. This was filed with the clerk on March 16, 1956.   In a letter dated March 15, 1956, addressed to both counsel, the trial judge stated that he had concluded the evidence was insufficient to justify the verdict.   An order granting a new trial on that ground was entered on March 17, 1956. This appeal by the state is from that order.

It is manifest that the order granting the new trial was a ruling on the oral motion made on February 8th. This seems to be conceded by the defendant. The written motion was never set down for hearing as contemplated by statute. The state on this appeal does not ask us to review the court's conclusion that the evidence was insufficient to justify the verdict. The effect of its assignments of error is to claim only that the court was without authority to consider the motion because it was not made in writing. In other words, the state does not question what the court did—only the manner of doing it.

While our Revised Code of 1919 made provision for new trials in criminal cases, §§4944, 4945 and 4946, new legislative provisions were introduced into this field by the adoption of our present code in 1939. These appear as SDC 34.4003, 34.4004, 34.4005 and 34.4006. The latter three are concerned with the application for a new trial and the procedure pertinent to its presentation and disposition. Before we had these sections the procedural aspects of a motion for a new trial in criminal cases were the same as those prescribed for such motions in civil cases. SDC 34.4003 pertains to new trials granted by the court on its own motion. A somewhat similar provision authorizing the court to grant a new trial on its own motion in civil cases was in effect before our 1939 revision. Section 2558, Rev. Code, 1919. With some amendment this appears now as SDC 33.1609.

The situations in which the trial court may grant a new trial on its own motion in a criminal case are limited by SDC 34.4003, as is the time in which it may do so. That section provides:

> "Upon return of a verdict against the defendant, the court may grant a new trial on its own motion when satisfied there has been such plain disregard by the jury of the instructions of the court, or the evidence, as to indicate that the verdict was rendered under a misapprehension of such instructions or under the influence of passion and prejudice. But such power of the court to

grant a new trial on its own motion must be exercised, if at all, at the time the verdict is returned."

The court is restricted by that section to granting a new trial on its own motion to situations wherein it is "satisfied there has been such plain disregard by the jury of the instructions of the court, or the evidence, as to indicate that the verdict was rendered under a misapprehension of such instructions or under the influence of passion and prejudice."

Our statute concerning the granting of a new trial by the court on its own motion in civil cases has long contained substantially the language above quoted. In Clement v. Barnes, 6 S.D. 483, 61 N.W. 1126, 1127, this court pointed out that it meant "the verdict must be so perceptibly in disregard of the instructions or the evidence as to satisfy the court upon its announcement, and without the necessity of mature reflection, that the same is grossly erroneous, or the result of passion or prejudice."

Even though that statute was silent as to the time in which the court could exercise this power it was there held that such had to be done promptly upon the return of the verdict. See also Houck v. Hult, 58 S.D. 181, 235 N.W. 512. That requirement has since been made a part of the statute in both civil and criminal proceedings and given a literal construction. In Hylland v. Lawrenson, 73 S.D. 605, 47 N.W.2d 287, 290, this court had occasion to write concerning that matter. After referring to Houck v. Hult, supra, it said:

"If what was then said left any doubt about the matter we think that the last sentence of said section placed the issue at rest. This sentence reads thus: 'The Court can grant such trial on its own motion only at the time the verdict is returned.' The phrase, 'at the time the verdict is returned', preceded by the word 'only', fixes the time when the trial court must act in granting a new trial under this section."

■ It is clear that the order appealed from may not be justified as one made by the court on its own motion as provided in SDC 34.4003. Nor may it be sustained as an order which the trial judge has an inherent power to grant. That authority is a restricted one in this state. Houck v. Hult, supra; Museus v. Geyer, 75 S.D. 381, 66 N.W.2d 63; 66 C.J.S. New Trial § 116. This appeal does not concern the inherent power of a trial court to grant a mistrial because of occurrences upon the trial.

■ If the court does not grant a new trial on its own motion, such may be had only on proceedings taken pursuant to statute. Clement v. Barnes, supra; Bancroft's Code Practice and Remedies, Vol. 7, § 6083. As previously stated, the 1939 revision of our code provided new statutes in this regard in criminal cases. Under that revision, SDC 34.4005, the form of the application in criminal cases is prescribed in detail, in language that is clear and positive. This is a substantial departure from the previous practice. That section is as follows:

> "Such application must be in writing, and signed by the defendant or his attorney. It must set forth the grounds upon which the application is made. When made upon any of the grounds specified in subdivisions (1), (2), (3), (4) or (8) of section 34.4002, it must be made upon affidavits attached to and made a part of the application. Affidavits of members of the jury may be used to show that a verdict has been decided by lot, but affidavits of jurors shall not be used in any other way to impeach the verdict of the jury. When the application is made under subdivision (7) of section 34.4002, it shall state the particulars wherein the evidence is claimed to be insufficient."

The notice of intention to move for a new trial required by statute prior to July 1, 1939, was eliminated in the revision. Now the application itself advises court and counsel of the precise errors claimed. SDC 34.4006 provides that when this application is presented, the court shall by order fix a time and place for hearing and

the time for service of the application and for answering. Also it details the matters to which reference will be had on the hearing. Obviously this is required so that the court and the prevailing party may have an opportunity to study the application and afford the prevailing party time to prepare his resistance thereto. To permit the application to be made orally nullifies this very clear statutory language and defeats the purpose of these enactments.

■ ■ The statutory provision requiring the application to be in writing is, in our view, mandatory. It has been so held in other jurisdictions. Carmack v. Erdenberger, 77 Neb. 592, 110 N.W. 315; Weber v. Allen, 121 Neb. 833, 238 N.W. 740; Dobesh v. Associated Asphalt Contractors, 137 Neb. 1, 288 N.W. 32; Daggs v. Howard Sheep Co., 16 Ariz. 283, 145 P. 140; State ex rel. Mechanics' & Traders' Ins. Co. v. Buente, 102 Ind.App. 563, 1 N.E.2d 454; Walter v. Great American Indemnity Co., 216 Ind. 500, 25 N.E.2d 328; Pendley v. State, 36 Ala.App. 169, 53 So.2d 811; Southern Kansas Stage Lines Co. v. Wynne, 178 Okl. 440, 63 P.2d 68. See also Bancroft's supra, § 6110. We think this view is in keeping with our duty to effectuate the purpose of legislative enactments through liberal construction. The rule that statutes in derogation of common law are to be strictly construed does not apply in this state. SDC 65.0202(1).

■ To hold otherwise would tend to deprive these statutory rules of their substance and cast serious doubt upon the desirability of their existence. Except as it may do so on its own motion, the court is without authority to grant a new trial in the absence of an application therefor in writing. The contrary holding in People v. Flynn, 8 Ill.2d 133, 133 N.E.2d 259, is not persuasive in our circumstances. See also People v. Jankowski, 391 Ill. 298, 63 N.E.2d 362. That case held the requirement to be mandatory.

■ It is urged by the defendant that the state may not now question the authority of the court to entertain his oral application because the state's attorney was there

and resisted it. Whether the state's attorney's conduct constitutes a voluntary appearance or a participation in the matter is doubtful. However, we need not determine that. It is not within the capacity of the parties to endow the court with such authority either by consent or submission. Daggs v. Howard Sheep Co., supra.

▪ The requirement in question being mandatory is as binding upon the courts as it is upon the parties. The provisions of a mandatory statute must be followed in order that the proceedings to which it relates will be valid. Application of Megan, 69 S.D. 1, 5 N.W.2d 729. In Carmack v. Erdenberger, supra [77 Neb. 592, 110 N.W. 316], it is written, "Under the statute there is no such thing as an oral motion for a new trial, because the statute is mandatory that the application must be made by motion, upon written grounds, filed at the time of making the motion. The court has no authority under the statute to pass on a motion that has not been filed, or in anticipation of one being filed." See also Parrott v. City of Hot Springs, 9 S.D. 202, 68 N.W. 329.

▪ The written application for a new trial above referred to is undisposed of. Under the provisions of SDC 34.4004 the trial court still has jurisdiction to determine the merits thereof. The defendant's right to have that done is not prejudiced by this decision.

Reversed.

HANSON and BOGUE, JJ., concur.

ROBERTS, J., dissents and SMITH, P. J., concurs in the dissent.

ROBERTS, J. (dissenting). I cannot agree with the conclusion of the majority that the order granting a new trial should be reversed. The rule is an elementary one that the power to grant a new trial does not rest upon statute, but is inherent in the trial court except as limited by statute. 39 Am.Jur., New Trials, § 4; Larsen v. Johnson, 43 S.D. 223, 178 N.W. 876; Houck v. Hult, 58 S.D. 181, 235 N.W. 512. Statutes regulating new trials will not be construed to abridge the inherent power of the court when they

manifest no intention to do so, but merely to regulate the rights of parties litigant. Annotation: 48 A.L.R. 362. This is comparable to statutes regulating proceedings for vacating judgments. Thus, in Purinton v. Purinton, 41 S.D. 125, 169 N.W. 236, this court held that statutes governing the rights of parties litigant to move for the opening of a judgment did not abridge the inherent power of the court to vacate a judgment and permit trial on the merits where the judgment was entered through misapprehension of the trial judge. The statutory provisions requiring application for new trial to be in writing in my opinion evidence no intention to limit the power of the court.

The state's attorney was present and resisted the motion for new trial, but made no objection to the form of the application. The court had jurisdiction over both the parties and the subject matter. Though the application for new trial was not in conformity to statutory provisions governing proceedings for new trial, the irregularity was not jurisdictional. If timely objection had been made, the state no doubt could then have asserted error and would have been entitled to have the order set aside. The state, however, should not now for the first time be heard to complain that the application for new trial was not in writing. See Western Casualty & Surety Co. v. Lash, 67 S.D. 139, 290 N.W. 316, 127 A.L.R. 969. The irregularity in my opinion was waived.

SMITH, P. J., concurs in this dissent.