DeCARLO, Judge.
Both appellants were charged with assault and battery and disruption of a place of business, in violation of Sections 36-5 and 35 — 46, respectively, of the General Code of the City of Birmingham, Alabama, 1964, as amended. In addition, appellant Nell Brooks was charged with carrying a concealed weapon in violation of § 56-1, General Code, supra.
Appellants were tried jointly on all five charges in Birmingham Municipal Court and, upon convictions in that court, appealed to the Jefferson Circuit Court for a trial de novo. Both appellants were again tried jointly in circuit court, over the objection of their attorney. They are now represented by different counsel. The jury found Nell Brooks guilty of carrying a concealed weapon and assessed a $250.00 fine. Sharon Brooks was convicted of assault and battery and also fined $250.00. The trial judge sentenced each appellant in accordance with the verdict of the jury and meted out an additional penalty of thirty days in the city jail for each. Because a single issue raised by appellants, in our judgment, entitles them to a new trial, a further recitation of the facts is unnecessary.
I
Appellants contend that, pursuant to §§ 15-14-20 and 12-22-114, of the Alabama Code, 1975, they had an absolute right to be tried separately in circuit court, and that the trial judge erred by denying their motion for severance. We agree.
Section 15-14-20, Code of Alabama, supra provides the following:
“When two or more defendants are jointly indicted, they may be tried either jointly or separately, as either may elect.”
*300 A separate trial for jointly-indicted defendants, when demand is timely made, is an unqualified right. Pendley v. State, 36 Ala. App. 169, 53 So.2d 811 (1951).
Although appellants were not indicted, jointly or otherwise, but were brought before the circuit court on a Complaint by the City of Birmingham, we believe that their right to separate trials attached upon their appeals for trial de novo in the circuit court by virtue of § 12-22-114, Code of Alabama, supra. That section provides as follows:
“On the trial of such appeals (those for trial de novo in circuit court), the court shall be governed by the same rules as to evidence, practice, finding of the jury and punishment as if the case had originated in that court.”
Because Section 12-22-114, supra, mandates that the practice in the circuit court on trials de novo be identical to original circuit court proceedings, appellants were entitled to the separate trials provided by Section 15-14-20, supra. This issue was properly preserved for review, as shown by the following excerpt from the record.
“MR. WILKINSON: We do have a slightly different circumstance than we had previously, at least in cases I have been involved in, in that we not only have multiple charges being joined, as I understand it, in one trial, but we also have multiple defendants being joined in one trial, and we respectfully object on behalf of each defendant separately and severally, Judge, to the joining of both multiple charges and multiple defendants in the same prosecution.

“THE COURT: I think I’ll let him go back. I think I’ll just consolidate two of them. Two defendants tried at the same time in the court below, five cases total. Take her upstairs.”
We recognize that the application of Rules 13.3 and 13.4 of the Proposed Alabama Rules of Criminal Procedure (Advisory Committee Draft 1977) would require a different result.
The application of Proposed Rule 13.3 and 13.4 would require a hearing on the possible prejudice caused by consolidation of cases involving multiple defendants for trial. The matter would then finally rest in the trial judge’s discretion, and multiple defendants would not have the unqualified right to demand severance. Until the adoption of the proposed rules, however, we are constrained to hold that appellants were entitled to separate trials, even in the absence of a showing of prejudice on their parts.
The judgment of the Jefferson Circuit Court is hereby reversed and the cause remanded for new trials.
REVERSED AND REMANDED.
All the Judges concur.